PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2025-04547

| | | | |
|---|---|---|---|
| **Weixing Wang**<br>**v.**<br>**Abbot Laboratories et al.** | §<br>§<br>§<br>§<br>§ | Location:<br>Filed on:<br>US District Court Case Number: | **Providence/Bristol County Superior Court**<br>**08/28/2025**<br>**1:25-cv-00503** |

---

### CASE INFORMATION

**Statistical Closures**
10/03/2025    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Civil Action**

Case Status: **10/03/2025    Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number            PC-2025-04547<br>Court                      Providence/Bristol County Superior Court<br>Date Assigned          08/28/2025 |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Plaintiff** | **Wang, Weixing** | **RYAN, BRENDAN FLANAGAN**<br>*Retained*<br>4014276254(W) |
| **Defendant** | **Abbot Laboratories** | **BROOKS, ROBERT P.**<br>*Retained*<br>4012747200(W) |
| | **Infinite Computing Systems INC,** | **BROOKS, ROBERT P.**<br>*Retained*<br>4012747200(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| | ## EVENTS |
| 10/03/2025 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 10/03/2025 | Case Removed to US District Court |
| 10/02/2025 | Notice of Removal<br>*Notice of Filing Notice of Removal* |
| 09/29/2025 | Rule 7 Motion to Enlarge Time<br>*Motion for Extension of Time for Answer* |
| 09/29/2025 | Summons Returned Served<br>Party:  Defendant  Abbot Laboratories |
| 09/26/2025 | Entry of Appearance<br>*Entry of Appearance Sara Sweeney* |
| 09/23/2025 | Omnibus Form<br>*Omnibus Calendar Assignment Form - Infinite Computing Systems - Motion to Dismiss* |
| 09/23/2025 | Entry of Appearance<br>*Entry of Appearance (Revised)* |
| 09/23/2025 | Entry of Appearance |

PROVIDENCE/BRISTOL COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. PC-2025-04547

| | |
|---|---|
| | *Entry of Appearance (Revised)* |
| 09/23/2025 | Motion Not Scheduled |
| | *Omnibus Required* |
| 09/22/2025 | Memorandum in Support of Motion to Dismiss |
| | *Memorandum re Motion to Dismiss* |
| 09/22/2025 | Motion to Dismiss |
| | *Motion to Dismiss* |
| 09/22/2025 | Entry of Appearance |
| | *Entry of Appearance - Brendan F. Ryan on behalf of Defendants* |
| 09/22/2025 | Entry of Appearance |
| | *Entry of Appearance - Robert P. Brooks on behalf of Defendants* |
| 08/28/2025 | Summons |
| 08/28/2025 | Order Motion to Proceed In Forma Pauperis (Judicial Officer: McBurney, Associate Justice Joseph J ) |
| | *must pay $100. sheriff fees waived* |
| 08/28/2025 | Affidavit Filed |
| 08/28/2025 | Motion to Proceed in Forma Pauperis |
| 08/28/2025 | Complaint Filed |

## HEARINGS

| | |
|---|---|
| 01/27/2026 | *CANCELED* **Hearing on Motion to Dismiss** (9:30 AM)  (Judicial Officer: Smith, Christopher K. ;Location: Licht Courtroom 16) |
| | *Other* |
| 09/30/2025 | **Hearing on Motion for Extension of Time** (9:30 AM)  (Judicial Officer: McBurney, Associate Justice Joseph J ;Location: Licht Courtroom 15) |
| | *Granted* |
| 08/28/2025 | **Hearing on Motion to Proceed In Forma Pauperis** (2:00 PM)  (Judicial Officer: McBurney, Associate Justice Joseph J ;Location: Licht Courtroom 15) |
| | *Granted/Denied in Part* |

*Printed on 10/03/2025 at 11:57 AM*



# STATE OF RHODE ISLAND
# AND PROVIDENCE PLANTATIONS

## CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information | | |
| --- | --- | --- |

Case Caption: **Weixing Wang** vs. **Abbot Laboratories et al.**

Federal Court Case No. **1:25-cv-00503**     State Court Case No. **PC-2025-04547**

| Record Information | | |
| --- | --- | --- |

Confidential:        Yes ☑    No ☐     Description: **Affidavit of Indingency**

Sealed documents:   Yes ☐    No ☑     Description: _____

| Certification | | |
| --- | --- | --- |

I, **Stephen Burke** , Clerk of the Rhode Island Superior Court for the County of **Providence** do certify that the attached documents are all the documents included in the record in the above referenced case.

Date: Oct/3/2025

Clerk:
/s/ **Stephen Burke**

Prepared by:
/s/ **Maureen Daily**

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 3:10 PM
Envelope: 5335933
Reviewer: Maureen D.

STATE OF RHODE ISLAND

PROVIDENCE/BRISTOL, S.C.                                          SUPERIOR COURT

WEIXING V. WANG,

        Plaintiff,

v.                                                               Case No.  PC-2025-04547

ABBOTT LABORATORIES and
INFINITE COMPUT. S., INC.,

        Defendants.

## <u>DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on October 2, 2025, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Abbott Laboratories filed with the Clerk of the United States District Court for the District of Rhode Island its Notice of Removal of this lawsuit, a copy of which is attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effectuates the removal of this action, and stays all pending state court proceedings. Accordingly, this Court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 3:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 5 of 132 PageID #: 78

Dated: October 2, 2025

Respectfully submitted,

ABBOTT LABORATORIES.

By its attorney:

/s/ *Sara E. Sweeney*
Sara E. Sweeney (R.I. Bar No. 7841)
sara.sweeney@fmglaw.com
Freeman Mathis & Gary
One Boston Place, Suite 2200
Boston, Massachusetts 02108
Telephone: (617) 446-9309
Fax: (833) 226-4728

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2025, I e-filed the foregoing document through the Court's electronic filing system, as well as emailed and mailed a hard copy via first class mail to all parties of record. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Pro se Plaintiff

Weixing V. Wang, *Pro Se*
71 Vanderland Ave.
East Providence, RI 02914
Vincent.Wan369@gmai1.com

Counsel for Defendant Infinite Computing Systems, Inc.

Brendan F. Ryan
100 Westminster Street, 16th Floor
Providence, RI 02903
Bryan@apslaw.com

 /s/ *Sara E. Sweeney*
Sara E. Sweeney

2

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 3:10 PM
Envelope: 5335933
Reviewer: Maureen D.

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

WEIXING V. WANG,

                    Plaintiff,

v.

ABBOTT LABORATORIES and
INFINITE COMPUTER SYSTEMS, INC.,

                    Defendants.

(Rhode Island Superior Court,
Providence/Bristol County, No. PC-2025-04547

Case No.

Date: October 2, 2025

## NOTICE OF REMOVAL

### INTRODUCTION

Pursuant to Title 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rule of Civil Procedure 81, Defendant Abbott Laboratories Inc. ("Abbott"), with consent of Defendant Infinite Computer Systems., Inc. ("ICS") (collectively "Defendants"), removes *Weixing V. Wang v. Abbott Laboratories and Infinite Comput. S. Inc.,* Civil Action No. PC-2025-04547, from the Superior Court of Rhode Island, Providence/Bristol County, to the United States District Court for the District of Rhode Island. The ground for removal is diversity jurisdiction.

In support of this Notice of Removal, Defendant Abbott states as follows:

### THE STATE COURT COMPLAINT AND PROCEEDINGS

1.      On or about August 28, 2025, *pro se* plaintiff Weixing V. Wang ("Plaintiff") filed his Complaint in state court (the "State Court Action"). *See* **Exhibit 1**, Complaint.

2.      On September 10, 2025, Plaintiff served his Complaint on Defendant Abbott through CT Corporation, Defendant's registered agent for service. A copy of the "summons, pleadings and orders" served on Abbott are attached as **Exhibit 1**. *See* 28 U.S.C. § 1446(a).

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 3:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00350-JJM-PAS    Document 1-4    Filed 10/02/25    Page 8 of 132 PageID #: 81

3.      On September 2, 2025, Plaintiff served his Complaint on Defendant ICS, the earlier-served defendant in this matter. A copy of the "summons, pleadings and orders" served on ICS are attached as **Exhibit 2**. *See* 28 U.S.C. § 1446(a).

4.      On August 28, 2025, Plaintiff filed a Motion to Proceed in Forma Pauperis.

5.      On September 22, 2025, ICS filed a Motion to Dismiss.

6.      On September 29, 2025, Abbott filed an Emergency Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint ("Motion for an Extension of Time").

7.      On September 30, 2025, a hearing was held on Abbott's Motion for an Extension of Time and the state court granted an extension through and including November 1, 2025 for Abbott to file a response to Plaintiff's Complaint.

8.      A copy of the docket listing for the State Court Action, including Plaintiff's Motion to Proceed in Forma Pauperis, Defendant ICS's Motion to Dismiss, and the state court's Order granting Defendant Abbott's Motion for an Extension of Time, are attached as **Exhibit 4**. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

## VENUE

9.      Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10.     Pursuant to 28 U.S.C. § 120, this Court embraces the Rhode Island Superior Court.

11.     Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 3:10 PM
Envelope: 5335933
Reviewer: Maureen D.

## TIMELINESS OF REMOVAL

12.     Abbott was served with Plaintiff's summons and Complaint on September 10, 2025. ICS was served with Plaintiff's summons and Complaint on September 2, 2025.

13.     Because Abbott has filed this Notice of Removal within thirty days of service of the summons and Complaint on ICS (the earlier-served defendant), as well as within thirty days of service on Abbott (the later-served defendant), this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(2)(B)-(C); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

14.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

15.     In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*The Parties Are Diverse*

16.     As stated in his Complaint, Plaintiff resides at 71 Vanderland Ave., East Providence, Rhode Island, 02914 and is therefore a citizen and resident of the State of Rhode Island. *See* **Exhibit 1**, Compl. ¶ 1.

17.     Pursuant to 28 U.S.C § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it has been incorporated, and of any state where it has its principal place of business.

18.     A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place

3

Case 1:25-cv-00408-MRS PAS Document 1 Filed 10/02/25 Page 4 of 8 Page 32 PageID #: 83

"should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

19.     Abbott is incorporated under the laws of the State of Illinois (**Ex. 1**, Compl., p. 1), with its principal place of business in Illinois. Abbott is, therefore, not a citizen of Rhode Island.

20.     ICS is incorporated under the laws of the State of Iowa (**Ex. 1,** Compl. p. 1), with its principal places of business in Iowa, Texas, India, and Thailand. ICS is, therefore, not a citizen of Rhode Island.

21.     Because Plaintiff is a citizen of a different state than Defendants, this case is between "citizens of different states." *See* 28 U.S.C. § 1332(a)(1).

22.     As a result, and for the purpose of 28 U.S.C § 1332(a), there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 559 U.S. at 93.

<u>*The Amount In Controversy Exceeds $75,000.*</u>

23.     "The amount in controversy is calculated based on 'the state of the complaint at the time of removal.'" *Williams v. Toys "R" Us - Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (citing *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990)).

24.     In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of a plaintiff's claims for damages. *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia*, award of actual and punitive damages in excess of amount in controversy requirement).

25.     Plaintiff is *pro se*. His complaint does not contain headings, nor does it present separate and specific causes of action. Nonetheless, Plaintiff asserts on pages one through five of

his Complaint various allegations related to breach of employment contact, frauds, and violations of identified laws. (*See* **Exhibit 1**, Compl. pp. 3-5). Plaintiff seeks damages consisting of:

- "$60-$80 K for breaking the employment Contracted job by violating to the laws"; and

- "attorney's fees and costs;"

*See* **Exhibit 1**, Compl., Wherefore paragraph, p. 6; *see also Spielman v. Genzyme Corp.*, 193 F.R.D. 19, 21 (D. Mass. 2000) (noting that attorneys' fees can be included in the amount-in-controversy determination when a statute permits recovery of attorneys' fees). Plaintiff also appears to seek an award of emotional distress damages, claiming that Defendants "completely ruined Plaintiff's life." *See* **Exhibit 1**, Compl., p. 5; *see also Barbuto v. Advantage Sales & Mktg.*, LLC, 148 F. Supp. 3d 145, 148 (D. Mass. 2015) (considering emotional distress damages when calculating amount in controversy).

26.     Thus, considering the various amounts and forms of damages that Plaintiff seeks, the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

27.     Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

---

[1] In assessing Plaintiff's claims for purposes of establishing diversity jurisdiction, Abbott does not concede liability or that Plaintiff is owed any damages. *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."). Abbott disputes that Plaintiff is entitled to any recovery in this matter and disputes Plaintiff's allegations regarding any alleged violations.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-PAS Document 1 Filed 10/02/25 Page 12 of 132 PageID #: 85

## SERVICE OF NOTICE OF REMOVAL

28.     Pursuant to 28 U.S.C. §1446(d), Abbott shall promptly serve this Notice of Removal upon Plaintiff and file a copy of this Notice of Removal with the Clerk of the Rhode Island Superior Court, notifying that court of this Removal. A copy of the state court notice to be filed (without exhibits) is attached hereto as **Exhibit 3**.

## ADDITIONAL STATUTORY REQUIREMENTS

29.     Pursuant to 28 U.S.C. §1446(b)(2)(A)-(C), Abbott has consulted with Defendant ICS, who is the earlier-served defendant in this matter, and ICS consents to Abbott's removal of this matter.

30.     As required by 28 U.S.C. §1447(b) and Rule 81 of the Local Rules of the United State District Court for the District of Rhode Island, certified or attested copies of all records, documents, and docket entries obtained from the Rhode Island Superior Court will be filed with this Court following the filing of this Notice of Removal.

**WHEREFORE**, Defendant Abbott Laboratories Inc., pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action from the Rhode Island Superior Court, Providence/Bristol County, and requests that further proceedings be conducted in the United States District Court for the District of Rhode Island as provided by law.

Dated: October 2, 2025          Respectfully submitted,

ABBOTT LABORATORIES INC.

*/s/ Sara E. Sweeney*
Sara E. Sweeney (R.I. Bar No. 7841)
sara.sweeney@fmglaw.com
Freeman Mathis & Gary
One Boston Place, Suite 2200
Boston, Massachusetts 02108
Telephone: (617) 446-9309
Fax: (833) 226-4728

6

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Anthony S. Califano (*pro hac vice forthcoming*)
acalifano@seyfarth.com

Victoria S. Tolbert (*pro hac vice forthcoming*)
vtolbert@seyfarth.com

SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA  02210-2028
Telephone:      (617) 946-4800
Facsimile:      (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, a true copy of the foregoing document was electronically filed through the Court's ECF system, and that paper and electronic copies will be sent to the parties.

Pro se Plaintiff

Weixing V. Wang, *Pro Se*
71 Vanderland Ave.
East Providence, RI 02914
Vincent.Wan369@gmail.com

Counsel for Defendant Infinite Computing Systems, Inc.

Brendan F. Ryan
100 Westminster Street, 16th Floor
Providence, RI 02903
Bryan@apslaw.com

/s/ Sara E. Sweeney
Sara E. Sweeney

320697561v.3

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

# Exhibit 1

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/10/2025
CT Log Number 550082899

## Service of Process Transmittal Summary

**TO:**        Lauren Groblewski, Investigations Analyst
               Abbott Laboratories
               100 ABBOTT PARK RD
               NORTH CHICAGO, IL 60064-3502

**RE:**        **Process Served in Rhode Island**

**FOR:**       Abbott Laboratories Inc.  (Domestic State: DE)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Weixing V. Wang // To: Abbott Laboratories Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Proof of Service, Complaint |
| **COURT/AGENCY:** | Providence and Bristol County, Superior Court, RI<br>Case # PC202504547 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages |
| **PROCESS SERVED ON:** | C T Corporation System, East Providence, RI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/10/2025 at 15:05 |
| **JURISDICTION SERVED:** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | Weixing V. Wang<br>71 Vanderland Ave Apt 1<br>East Providence, RI 02914<br>781-492-3986 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/10/2025, Expected Purge Date: 09/15/2025 |
| | Image SOP |
| | Email Notification,  Lauren Groblewski  lauren.lucy@abbott.com |
| | Email Notification,  Jennifer Curtis  jennifer.curtis@abbott.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>450 Veterans Memorial Highway<br>Suite 7A<br>East Providence, RI 02914<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |


The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/10/2025
CT Log Number 550082899

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**Wolters Kluwer**

## PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Sep 10, 2025
**Server Name:** Drop Service

| Entity Served | ABBOTT LABORATORIES INC. |
|---|---|
| Case Number | PC-2025-04547 |
| Jurisdiction | RI |

| Inserts | | |
|---|---|---|
| | | |





# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2025-04547 |
| **Plaintiff**<br>Weixing Wang<br>v.<br>Abbot Laboratories et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Weixing Wang |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>71 Vanderland Ave Apt 1<br>East Providence RI 02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>450 Veterans Memorial Parkway<br>Suite 7A<br>East Providence RI 02914 |

**TO THE DEFENDANT, Abbot Laboratories:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/28/2025. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| Plaintiff<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | Civil Action File Number<br>PC-2025-04547 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Abbot Laboratories, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☑ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____ C.T. CORP _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _9_ / _10_ / _25_        SERVICE FEE $ _____

Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

**STATE OF RHODE ISLAND**          **SUPERIOR COURT**
**PROVIDENCE, SC.**

WEIXING V. WANG,                          )
    Plaintiff                                )
    v.                                          )     C.A. No.  PC- 2025- 04547
                                                  )
ABBOTT LABORATORIES        and      )
INFINITE COMPUT. S., INC.,               )
    Defendant                              )

## COMPLAINT AGAINST ABBOTT LABORATORIES AND INFINITE COMPUT. S,

## INC. FOR BREAKING SIGNED EMPLOYMENT CONTRACT BY VIOLATING LAWS

I, Plaintiff, Weixing Vincent Wang, a resident at 71 Vanderland Ave, East Providence, RI

02914, file this case to sue the Defendants:

Defendant I: Abbott Laboratories, at 100 Abbott Park Road, Abbott Park, Illinois 60064-3502.

Their Legal Representative in RI is CT CORPORATION SYSTEM at 450 VETERANS

MEMORIAL PARKWAY, SUITE 7A, EAST PROVIDENCE, RI  02914.

Defendant II:  Infinite Comput. S. Inc. at 425 2nd St SE Ste 600, Cedar Rapids, Iowa, 52401.

Both of the Defendants signed the Employment Contracts with Plaintiff and committed frauds by

violating to the laws on breaking the signed Employment Contracts.

Plaintiff had signed the employment contracts with Defendants to work remotely at home

for Defendants at the pay rate of $58.00 per hour, which are clearly written in the signed

Employment Contracts between the parties. After Plaintiff signed the Employment Contracts with

Defendants, Plaintiff declined all the other job opportunities from other companies and recruiters,

as he had made his commitment working for Defendants, as he signed the Contract. As required

by Defendants, Plaintiff immediately took the drug screen test and passed it; then started on

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

96

8/29/2022 to work for Defendants. After starting the remote job, Plaintiff, sent emails daily to the Defendants manager, reporting what he was doing. Defendants manager suddenly stopped replying Plaintiff emails anymore. Instead, Plaintiff received an email from someone, whom Plaintiff never knew even by now where that person was from or which company it was from, neither that person's job title; but that email just stated briefly that "It was a mistake", and said they will pay Plaintiff for the days he worked for Defendants.

It was extremely strange, someone tried to say in the email that the signed Employment Contracts between Plaintiff and Defendants were to be cancelled, but never identified who that person was, job title or was from where; and never mentioned any reason at all about for what reason they wanted to cancel the signed Employment contracts. That emails promised to pay Plaintiff for his days worked for Defendants. And then Plaintiff never received any more email from that person. The Defendants manager whom communicated with Plaintiff frequently should tell Plaintiff exactly what were going on, but that Defendants manager just suddenly stopped to respond any of Plaintiff's emails.

When Plaintiff sent an email on Friday, 9/2/2022 to the that Defendants manager asking for the weblink to get the Defendant's timesheet form, to fill the amount time that Plaintiff worked for Defendants, that Defendants manager never responded to Plaintiff anymore. And Plaintiff never got paid for even one dollar for the days that he worked for Defendants. And Defendants, including that unknown email sender, never responded to Plaintiff anymore. Defendants knew extremely well that they had conducted frauds by breaking the signed Employment Contract and violated to the Laws. Defendants used those fraudulent ways of not responding, trying to cover the frauds they had conducted and the facts of their violations to the laws.

What Defendants did were totally the frauds and violating to the laws. This is the Contracted employment job for six (6) months, signed by all parties in black and white, not a permanent job working At Will. Defendants had no rights to break the signed Contracted Employment job by only one party - themselves, without the consent by Plaintiff, and never had any reason for why Defendants did violate to the Laws. Plus, the facts that Defendants never responded to Plaintiff after Defendants had violated to the laws, and never paid Plaintiff even one dollar for the days and time Plaintiff worked for Defendants, though Defendants promised in the email to pay Plaintiff for his days and time worked for Defendants, but they never did, and never responded to Plaintiff anymore since then.

The followings are the brief summary of the facts supported with the indisputable email evidences, which show what Defendants did the frauds in this employment case by violating to the laws.

7/20/22 Defendants' recruiter contacted Plaintiff for this opening position.

7/21/22 - 8/14/22 Information exchanges between Defendants' recruiter and Plaintiff.

8/15/22 Plaintiff was interviewed by Defendant.

8/16/22 Plaintiff received the Job Offer letter for Plaintiff to work for Defendants as an Intermediate Supplier Quality Engineer working remotely at home at the hourly pay rate of $58.00, which was targeted for 6 months with a possible extension beyond that period. The starting date was August 29, 2022, see the details of the Employment Contract signed by all parties. After Plaintiff signed this Contract with Defendants, Plaintiff had immediately declined all other jobs opportunities and the potential job offers from other companies and recruiters, as Plaintiff had made his commitment working for Defendants at home, one of the largest medical devices company - ABBOTT LABORATORIES, after signed the Employment Contract.

8/17/22 Plaintiff received email from Defendants requesting for drug screen test, and Plaintiff immediately confirmed on it.

8/18/22 Plaintiff completed drug screen test.

8/22/22 Plaintiff emailed Defendant, and confirmed the starting date 8/29/22.

8/23/22 Plaintiff was asked by Defendant to fill another Abbott Laboratories' form as the part of Employment Contract; and Plaintiff filled, signed and returned to Defendants.

8/29/22 Plaintiff started the work for Defendants and sent email to Defendants Manager Ruth for his first day work for Defendants, the Defendants Manager Ruth did not say anything to Plaintiff.

8/30/22, Plaintiff continued the work and sent email to Defendants Manager Ruth, still Ruth did not say anything to Plaintiff.

On later 8/30/22, Plaintiff received an email and Plaintiff did not know, even by now, who that person was; the email simply said it was a mistake.

On 8/31/25, 9/1/25 and 9/2/25, Plaintiff continued working for Defendant at home.

On 9/2/22 Friday, Plaintiff sent email to Defendants Manager Ruth and requested Defendant to provide Plaintiff the link for their timesheet for Plaintiff to fill out for the days and time that he worked for Defendant; but Defendants Manager Ruth never responded to Plaintiff even by now.

In the email Plaintiff received on later 8/30/22, it promised that Defendants will pay Plaintiff for the days and time that Plaintiff worked for Defendants, but by now Defendants never did as they promised to Plaintiff. Defendants had been just conducted frauds: lying and cheating to Plaintiff.

On 9/6/22, Plaintiff sent another email to Defendants Manager Ruth, but to Defendants just completely not to responded to Plaintiff at all.

4

On 9/8/22, Plaintiff sent another email to Defendants Manager Ruth and requested him to respond to Plaintiff's emails, to forward the weblink of the timesheet, and asked Ruth why he did not respond to Plaintiff's emails. But the Defendants Manager Ruth again did not respond at all.

On 9/15/22 Plaintiff sent his last email to Defendants Manager Ruth, asking Defendant why they did not pay Plaintiff for his time worked for Defendant company, and pointed out that Defendant have been doing frauds. That was why Defendant never responded Plaintiff.

All those facts of Defendant's conducted frauds by violating to the laws have been shown clearly with the indisputable facts and the supporting evidence. As a senior professional having worked in industrials for 20s at the Manager/Director level, after signing the employment Contract with Defendants, Plaintiff had 100% focused on this Contracted remote Job working at home for Defendants and declined all other potential jobs from other companies and recruiters, as he was 100% sure that he would be not available at all to work for any other company else within at lease the next 6 month, due to he had signed the contract and committed him for the Contracted job to work for Defendants.

Defendants had made the huge damages to Plaintiff's career and life, including but not limited, made Plaintiff lost his at least 6 months employment income as specified in the signed Employment Contract, which is at least $60,000s, based on the pay rate in the signed Employment Contract. It also completely ruined Plaintiff's life, and made him had no job, made him fell down from the top level of living standard to the lower one without the employment income. Because after Plaintiff signed the Job Contract with Defendants - ABBOTT LABORATORIES and INFINITE COMPUT. S., INC., Plaintiff had declined all other jobs and potential jobs to him. No one expected that the formally signed Job Contract can be broken by violating to the laws like this, and it was committed by a such large company ABBOTT LABORATORIES.

SUMMARY

Defendants ABBOTT LABORATORIES and INFINITE COMPUT. S., INC. have conducted frauds, broken the signed Contracted employment job with Plaintiff, without the consent from Plaintiff, by violating to the laws. After Defendant had committed the frauds and violating to the laws, Defendant never responded to Plaintiff again and tried to use the fraudulent ways to get rid of their responsibilities as the employers for the signed employment Contract with Plaintiff, and make their violating to the laws to be free. Defendants must be sanctioned by the laws for their conducted frauds and violating to the laws. As the victim of Defendants' violating to the laws, Plaintiff must be compensated from the Defendants' breaking the signed Employment Contracts, for his damages and losses in his employment income, damages in his career and life.

WHEREFORE, Plaintiff respectfully request that the Honorable Court:

A. Order Defendants ABBOTT LABORATORIES and INFINITE COMPUT. S., INC., to pay Plaintiff in the range $60-80 K for breaking the employment Contracted job by violating to the laws.

B. Grant attorney's fees and the costs of this action;

C. Grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued.

D. Grant such further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Respectfully submitted

*/s/ Weixing V. Wang*

Weixing V. Wang

71 Vanderland Ave

East Providence, RI 02914

781-492-3986

Vincent.Wan369@gmail.com

Date: Aug. 28, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

# Exhibit 2



State of Rhode Island

**Department of State | Business Services Division**

**Gregg M. Amore,** *Secretary of State*

September 9, 2025

**CERTIFIED MAIL**

Infinite Computing Systems Inc.
425 2nd Street
Suite 600
Cedar Rapids, IA 52401

RE:   Weixing Wang
            v.
         Abbot Laboratories et al

Dear Sir or Madame:

On September 2, 2025, this office was served with a Summons and Complaint in the above-entitled matter.

Pursuant to the provisions set forth in Title 7 of the General Laws of the State of Rhode Island, a copy of the Summons and Complaint is enclosed.

Sincerely,

*Denise Sepe*

Denise Sepe
Customer Service Program Manager
dsepe@sos.ri.gov

enc.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-MSM-PAS   Document 1   Filed 10/23/25   Page 31 of 132 PageID #: 104



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2025-04547 |
| **Plaintiff**<br>Weixing Wang<br>v.<br>Abbot Laboratories et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Weixing Wang |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>71 Vanderland Ave Apt 1<br>East Providence RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>425 2nd Street<br>Suite 600<br>Cedar Rapids IA  52401 |

### TO THE DEFENDANT, Infinite Computing Systems INC,:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/29/2025. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

Case 1:25-cv-00563-MSD-RJK Document 1-4 Filed 10/23/25 Page 32 of 132 PageID #: 105



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

**Plaintiff**
Weixing Wang
 v.
Abbot Laboratories et al.
**Defendant**

**Civil Action File Number**
PC-2025-04547

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Infinite Computing Systems INC,, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _____/_____/_____          SERVICE FEE $_____

Month    Day    Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | |
|---|---|
| WEIXING V. WANG, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ABBOTT LABORATORIES    and | ) |
| INFINITE COMPUT. S., INC., | ) |
| Defendant | ) |

C.A. No.  PC-2025-04547

## COMPLAINT AGAINST ABBOTT LABORATORIES AND INFINITE COMPUT. S. INC. FOR BREAKING SIGNED EMPLOYMENT CONTRACT BY VIOLATING LAWS

I, Plaintiff, Weixing Vincent Wang, a resident at 71 Vanderland Ave, East Providence, RI 02914, file this case to sue the Defendants:

Defendant I: Abbott Laboratories, at 100 Abbott Park Road, Abbott Park, Illinois 60064-3502. Their Legal Representative in RI is CT CORPORATION SYSTEM at 450 VETERANS MEMORIAL PARKWAY, SUITE 7A, EAST PROVIDENCE, RI  02914.

Defendant II:  Infinite Comput. S. Inc. at 425 2nd St SE Ste 600, Cedar Rapids, Iowa, 52401.

Both of the Defendants signed the Employment Contracts with Plaintiff and committed frauds by violating to the laws on breaking the signed Employment Contracts.

Plaintiff had signed the employment contracts with Defendants to work remotely at home for Defendants at the pay rate of $58.00 per hour, which are clearly written in the signed Employment Contracts between the parties. After Plaintiff signed the Employment Contracts with Defendants, Plaintiff declined all the other job opportunities from other companies and recruiters, as he had made his commitment working for Defendants, as he signed the Contract. As required by Defendants, Plaintiff immediately took the drug screen test and passed it; then started on

1

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

8/29/2022 to work for Defendants. After starting the remote job, Plaintiff, sent emails daily to the Defendants manager, reporting what he was doing. Defendants manager suddenly stopped replying Plaintiff emails anymore. Instead, Plaintiff received an email from someone, whom Plaintiff never knew even by now where that person was from or which company it was from, neither that person's job title; but that email just stated briefly that "It was a mistake", and said they will pay Plaintiff for the days he worked for Defendants.

It was extremely strange, someone tried to say in the email that the signed Employment Contracts between Plaintiff and Defendants were to be cancelled, but never identified who that person was, job title or was from where; and never mentioned any reason at all about for what reason they wanted to cancel the signed Employment contracts. That emails promised to pay Plaintiff for his days worked for Defendants. And then Plaintiff never received any more email from that person. The Defendants manager whom communicated with Plaintiff frequently should tell Plaintiff exactly what were going on, but that Defendants manager just suddenly stopped to respond any of Plaintiff's emails.

When Plaintiff sent an email on Friday, 9/2/2022 to the that Defendants manager asking for the weblink to get the Defendant's timesheet form, to fill the amount time that Plaintiff worked for Defendants, that Defendants manager never responded to Plaintiff anymore. And Plaintiff never got paid for even one dollar for the days that he worked for Defendants. And Defendants, including that unknown email sender, never responded to Plaintiff anymore. Defendants knew extremely well that they had conducted frauds by breaking the signed Employment Contract and violated to the Laws. Defendants used those fraudulent ways of not responding, trying to cover the frauds they had conducted and the facts of their violations to the laws.

2

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-JJM-PAS Document 1-2 Filed 02/03/25 Page 36 of 132 PageID #: 109

What Defendants did were totally the frauds and violating to the laws. This is the Contracted employment job for six (6) months, signed by all parties in black and white, not a permanent job working At Will. Defendants had no rights to break the signed Contracted Employment job by only one party - themselves, without the consent by Plaintiff, and never had any reason for why Defendants did violate to the Laws. Plus, the facts that Defendants never responded to Plaintiff after Defendants had violated to the laws, and never paid Plaintiff even one dollar for the days and time Plaintiff worked for Defendants, though Defendants promised in the email to pay Plaintiff for his days and time worked for Defendants, but they never did, and never responded to Plaintiff anymore since then.

The followings are the brief summary of the facts supported with the indisputable email evidences, which show what Defendants did the frauds in this employment case by violating to the laws.

7/20/22 Defendants' recruiter contacted Plaintiff for this opening position.

7/21/22 - 8/14/22 Information exchanges between Defendants' recruiter and Plaintiff.

8/15/22 Plaintiff was interviewed by Defendant.

8/16/22 Plaintiff received the Job Offer letter for Plaintiff to work for Defendants as an Intermediate Supplier Quality Engineer working remotely at home at the hourly pay rate of $58.00, which was targeted for 6 months with a possible extension beyond that period. The starting date was August 29, 2022, see the details of the Employment Contract signed by all parties. After Plaintiff signed this Contract with Defendants, Plaintiff had immediately declined all other jobs opportunities and the potential job offers from other companies and recruiters, as Plaintiff had made his commitment working for Defendants at home, one of the largest medical devices company - ABBOTT LABORATORIES, after signed the Employment Contract.

3

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 3:10 PM
Envelope: 5335933
Reviewer: Maureen D.

8/17/22 Plaintiff received email from Defendants requesting for drug screen test, and Plaintiff immediately confirmed on it.

8/18/22 Plaintiff completed drug screen test.

8/22/22 Plaintiff emailed Defendant, and confirmed the starting date 8/29/22.

8/23/22 Plaintiff was asked by Defendant to fill another Abbott Laboratories' form as the part of Employment Contract; and Plaintiff filled, signed and returned to Defendants.

8/29/22 Plaintiff started the work for Defendants and sent email to Defendants Manager Ruth for his first day work for Defendants, the Defendants Manager Ruth did not say anything to Plaintiff.

8/30/22, Plaintiff continued the work and sent email to Defendants Manager Ruth, still Ruth did not say anything to Plaintiff.

On later 8/30/22, Plaintiff received an email and Plaintiff did not know, even by now, who that person was; the email simply said it was a mistake.

On 8/31/25, 9/1/25 and 9/2/25, Plaintiff continued working for Defendant at home.

On 9/2/22 Friday, Plaintiff sent email to Defendants Manager Ruth and requested Defendant to provide Plaintiff the link for their timesheet for Plaintiff to fill out for the days and time that he worked for Defendant; but Defendants Manager Ruth never responded to Plaintiff even by now.

In the email Plaintiff received on later 8/30/22, it promised that Defendants will pay Plaintiff for the days and time that Plaintiff worked for Defendants, but by now Defendants never did as they promised to Plaintiff. Defendants had been just conducted frauds: lying and cheating to Plaintiff.

On 9/6/22, Plaintiff sent another email to Defendants Manager Ruth, but to Defendants just completely not to responded to Plaintiff at all.

4

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00509-JJM-PAS   Document 1-4   Filed 10/21/25   Page 38 of 132 PageID #: 111

On 9/8/22, Plaintiff sent another email to Defendants Manager Ruth and requested him to respond to Plaintiff's emails, to forward the weblink of the timesheet, and asked Ruth why he did not respond to Plaintiff's emails. But the Defendants Manager Ruth again did not respond at all.

On 9/15/22 Plaintiff sent his last email to Defendants Manager Ruth, asking Defendant why they did not pay Plaintiff for his time worked for Defendant company, and pointed out that Defendant have been doing frauds. That was why Defendant never responded Plaintiff.

All those facts of Defendant's conducted frauds by violating to the laws have been shown clearly with the indisputable facts and the supporting evidence. As a senior professional having worked in industrials for 20s at the Manager/Director level, after signing the employment Contract with Defendants, Plaintiff had 100% focused on this Contracted remote Job working at home for Defendants and declined all other potential jobs from other companies and recruiters, as he was 100% sure that he would be not available at all to work for any other company else within at lease the next 6 month, due to he had signed the contract and committed him for the Contracted job to work for Defendants.

Defendants had made the huge damages to Plaintiff's career and life, including but not limited, made Plaintiff lost his at least 6 months employment income as specified in the signed Employment Contract, which is at least $60,000s, based on the pay rate in the signed Employment Contract. It also completely ruined Plaintiff's life, and made him had no job, made him fell down from the top level of living standard to the lower one without the employment income. Because after Plaintiff signed the Job Contract with Defendants - ABBOTT LABORATORIES and INFINITE COMPUT. S., INC., Plaintiff had declined all other jobs and potential jobs to him. No one expected that the formally signed Job Contract can be broken by violating to the laws like this, and it was committed by a such large company ABBOTT LABORATORIES.

5

## SUMMARY

Defendants ABBOTT LABORATORIES and INFINITE COMPUT. S., INC. have conducted frauds, broken the signed Contracted employment job with Plaintiff, without the consent from Plaintiff, by violating to the laws. After Defendant had committed the frauds and violating to the laws, Defendant never responded to Plaintiff again and tried to use the fraudulent ways to get rid of their responsibilities as the employers for the signed employment Contract with Plaintiff, and make their violating to the laws to be free. Defendants must be sanctioned by the laws for their conducted frauds and violating to the laws. As the victim of Defendants' violating to the laws, Plaintiff must be compensated from the Defendants' breaking the signed Employment Contracts, for his damages and losses in his employment income, damages in his career and life.


WHEREFORE, Plaintiff respectfully request that the Honorable Court:

A. Order Defendants ABBOTT LABORATORIES and INFINITE COMPUT. S., INC., to pay Plaintiff in the range $60-80 K for breaking the employment Contracted job by violating to the laws.

B. Grant attorney's fees and the costs of this action;

C. Grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued.

D. Grant such further relief as this Court deems necessary and proper.


### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully submitted

*/s/ Weixing V. Wang*

Weixing V. Wang

71 Vanderland Ave

East Providence, RI 02914

781-492-3986

Vincent.Wan369@gmail.com

Date: Aug. 28, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00063-JJM-PAS Document 1-3 Filed 10/02/25 Page 41 of 132 PageID #: 114

**Exhibit 3**

**Exhibit 3**

STATE OF RHODE ISLAND

PROVIDENCE/BRISTOL, S.C.                                SUPERIOR COURT

WEIXING V. WANG,

      Plaintiff,

v.                                                 Case No.  PC-2025-04547

ABBOTT LABORATORIES and
INFINITE COMPUT. S., INC.,

      Defendants.

## <u>DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on October 2, 2025, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Abbott Laboratories filed with the Clerk of the United States District Court for the District of Rhode Island its Notice of Removal of this lawsuit, a copy of which is attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effectuates the removal of this action, and stays all pending state court proceedings. Accordingly, this Court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00565-JJM-PAS   Document 3   Filed 10/02/25   Page 43 of 132 PageID #: 116

Dated: October 2, 2025

Respectfully submitted,

ABBOTT LABORATORIES.

By its attorney:

/s/ *Sara E. Sweeney*
Sara E. Sweeney (R.I. Bar No. 7841)
sara.sweeney@fmglaw.com
Freeman Mathis & Gary
One Boston Place, Suite 2200
Boston, Massachusetts 02108
Telephone: (617) 446-9309
Fax: (833) 226-4728

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I e-filed the foregoing document through the Court's electronic filing system, as well as emailed and mailed a hard copy via first class mail to all parties of record. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Pro se Plaintiff

Weixing V. Wang, *Pro Se*
71 Vanderland Ave.
East Providence, RI 02914
Vincent.Wan369@gmail.com

Counsel for Defendant Infinite Computing Systems, Inc.

Brendan F. Ryan
100 Westminster Street, 16th Floor
Providence, RI 02903
Bryan@apslaw.com

 /s/ *Sara E. Sweeney*
Sara E. Sweeney

320619753v.2

# Exhibit 4

# Exhibit 4

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-PAS Document 14 Filed 10/02/25 Page 45 Page ID #: 118

**Providence/Bristol County Superior Court**

# Case Summary

## Case No. PC-2025-04547

| | | | |
|---|---|---|---|
| **Weixing Wang v. Abbot Laboratories et al.** | § | Location: | **Providence/Bristol County Superior Court** |
| | § | Filed on: | **08/28/2025** |

---

## Case Information

| | |
|---|---|
| Case Type: | Civil Action |
| Case Status: | **08/28/2025** |
| | **Unassigned** |

---

## Party Information

| | | |
|---|---|---|
| **Plaintiff** | **Wang, Weixing** | RYAN, BRENDAN FLANAGAN<br>*Retained* |
| **Defendant** | **Abbot Laboratories** | BROOKS, ROBERT P.<br>*Retained* |
| | | SWEENEY, SARA E.<br>*Retained* |
| | **Infinite Computing Systems INC,** | BROOKS, ROBERT P.<br>*Retained* |

---

## Case Events

| | |
|---|---|
| 08/28/2025 | Complaint Filed |
| 08/28/2025 | Motion to Proceed in Forma Pauperis |
| 08/28/2025 | Affidavit Filed |
| 08/28/2025 | Order Motion to Proceed In Forma Pauperis    (Judicial Officer: McBurney, Associate Justice Joseph J) |
| 08/28/2025 | Summons |
| 09/22/2025 | Entry of Appearance |
| 09/22/2025 | Entry of Appearance |
| 09/22/2025 | Motion to Dismiss |
| 09/22/2025 | Memorandum in Support of Motion to Dismiss |
| 09/23/2025 | Motion Not Scheduled |
| 09/23/2025 | Entry of Appearance |
| 09/23/2025 | Entry of Appearance |
| 09/23/2025 | Omnibus Form |
| 09/26/2025 | Entry of Appearance |
| 09/29/2025 | Summons Returned Served<br>Party:   Defendant Abbot Laboratories |
| 09/29/2025 | Rule 7 Motion to Enlarge Time |

---

## Hearings

---

**Providence/Bristol County Superior Court**

## Case Summary

**Case No. PC-2025-04547**

| | | |
|---|---|---|
| 08/28/2025 | **Hearing on Motion to Proceed In Forma Pauperis** (2:00 PM) (Judicial Officer: McBurney, Associate Justice Joseph J) | |
| | *Granted/Denied in Part* | |
| 09/30/2025 | **Hearing on Motion for Extension of Time** (9:30 AM) (Judicial Officer: McBurney, Associate Justice Joseph J) | |
| | *Granted* | |
| 01/27/2026 | **Hearing on Motion to Dismiss** (9:30 AM) (Judicial Officer: Smith, Christopher K.) | |

---

## Financial Information

| | | | |
|---|---|---|---|
| **Plaintiff** | Wang, Weixing | | |
| | Total Financial Assessment | | 180.75 |
| | Total Payments and Credits | | 180.75 |
| | **Balance Due as of 10/02/2025** | | **0.00** |
| 08/28/2025 | Transaction Assessment | | 180.75 |
| 08/28/2025 | Indigent Payment | | (80.75) |
| 08/28/2025 | Counter Payment | Receipt # SCP-2025-008745 | (100.00) |

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court 1:25-cv-00503D-PAS Document 14 Filed 10/02/25 Page 37 Page ID #:
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.
120



# STATE OF RHODE ISLAND

## SUPERIOR COURT

☐ **PLAINTIFF/PETITIONER'S** ☐ **DEFENDANT/RESPONDENT'S MOTION**
**TO PROCEED IN FORMA PAUPERIS**

| Plaintiff/Petitioner | Case Number |
|---|---|
| ☒ WEIXING V. WANG | PC-2025-04547 |
| **Defendant/Respondent** | |
| ☒ ABBOTT LABORATORIES INFINITE Computing System. Inc | |

| ☐ Murray Judicial Complex Newport County 45 Washington Square Newport, Rhode Island 02840-2913 (401) 841-8330 | ☐ Noel Judicial Complex Kent County 222 Quaker Lane Warwick, Rhode Island 02886-0107 (401) 822-6900 |
|---|---|
| ☐ McGrath Judicial Complex Washington County 4800 Tower Hill Road Wakefield, Rhode Island 02879-2239 (401) 782-4121 | ☒ Licht Judicial Complex Providence/Bristol County 250 Benefit Street Providence, Rhode Island 02903-2719 (401) 458-3230 |

Now comes the ☒ Plaintiff/Petitioner ☐ Defendant/Respondent and prays that this court waive the filing fees, service of process fees, and transcript costs on the grounds that the ☒ Plaintiff/Petitioner ☐ Defendant/Respondent is presently indigent and as such, has no funds with which to pay these costs.

An Affidavit in Support of Motion to Proceed in Forma Pauperis is submitted in support of this motion.

| /s/ _____ | Rhode Island Bar Number: |
|---|---|
| Attorney for the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent or the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent | Date: Aug 28, 2025 |
| Telephone Number: | |

Superior-13 (revised June 2020)

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-JJM-PAS Document 1-4 Filed 10/03/25 Page 48 of 132 PageID #: 121



# STATE OF RHODE ISLAND
## SUPERIOR COURT

| **Plaintiff/Petitioner** | **Case Number** |
|---|---|
| WeiXinGe V. WANG | PC-2025-04547 |
| **Defendant/Respondent** ABBOTT LABORTORIES. INFiNiTe COMPUT. S. INC. | |

### ORDER – MOTION IN FORMA PAUPERIS

**✗ GRANTED:** It is hereby ordered that the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent may file the complaint, petition, or appeal without payment of the filing fee and that the duly authorized officer in accordance with Title 9, Chapter 5 (writs, summons, and process) of the Rhode Island General Laws shall serve without charge to the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent any and all summonses, complaints or petitions, motions, orders, and all other required documents in this matter without charge. *Must pay $100 towards filing fee. Waive sheriff's fee*

☐ **GRANTED:** It is hereby ordered that the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent may order transcripts without charge.

☐ **DENIED**

| Entered as an Order of the court on 8/28/25. | BY ORDER OF: /s/ _____ Clerk ENTER: /s/ _____ Judicial Officer |
|---|---|

Superior-13 (revised June 2020)

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 6:40 PM
Envelope: 5335035
Reviewer: Maureen D.

Case 1:25-cv-00503-JJM-PAS   Document 14   Filed 10/23/25   Page 49 of 132 PageID #: 122

HEARING DATE:_____

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

WEIXING V. WANG,                        :
                    Plaintiff            :
        v.                               :              PC-2025-04547
                                         :
ABBOT LABORATORIES, and                  :
INFINITE COMPUTER SYSTEMS, INC.          :
                    Defendants           :

## DEFENDANT INFINITE COMPUTER SYSTEMS, INC.'S
## MOTION TO DISMISS

NOW COMES Defendant, Infinite Computer Systems, Inc. in the above captioned matter, and pursuant to Rule 12(b)(3) of the Rhode Island Superior Court Rules of Civil Procedure, hereby moves to dismiss the Complaint for want of jurisdiction.  In further support, Defendant relies on the Memorandum of Law submitted herewith.

Respectfully submitted,

Defendant,
INFINITE COMPUTER SYSTEMS, INC.

*/s/ Brendan F. Ryan*_____
ROBERT P. BROOKS (#3721)
rbrooks@apslaw.com
BRENDAN F. RYAN (#9339)
bryan@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: 401-274-7200 / Fax: 401-751-0604

Dated:  September 22, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 6:49 PM
Envelope: 5337635
Reviewer: Maureen D.

Case 1:25-cv-00503-DLG-PAS   Document 14   Filed 10/02/25   Page 50 of 132 PageID #: 123

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2025:

☐      I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐      I served this document through the electronic filing system on the following parties:
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒      I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

Weixing V. Wang
71 Vanderland Avenue
East Providence, RI 029014
Vincent.Wan369@gmail.com

*/s/ Brendan F. Ryan*

**STATE OF RHODE ISLAND**                              **SUPERIOR COURT**
**PROVIDENCE, SC**

| | | |
|---|---|---|
| WEIXING V. WANG, | : | |
|        Plaintiff | : | |
|    v. | : | PC-2025-04547 |
| | : | |
| ABBOT LABORATORIES, and | : | |
| INFINITE COMPUTING SYSTEMS, INC. | : | |
|        Defendants | : | |

### DEFENDANT INFINITE COMPUTER SYSTEMS, INC.'S
### MEMORANDUM IN SUPPORT OF ITS
### <u>MOTION TO DISMISS</u>

Defendant, Infinite Computing Systems, Inc. ("ICS") submits the within Memorandum in support of its Motion to Dismiss the Complaint pursuant to Rule 12(b)(3) for lack of personal jurisdiction.

### FACTUAL ALLEGATIONS FROM COMPLAINT

Plaintiff Weixing Wang, a Rhode Island resident, filed a *pro se* complaint in this Court against a non-resident defendant, ICS, an Iowa corporation, with principal places of business in Iowa, Texas, India, and Thailand. Plaintiff has alleged claims for damages arising entirely from a purported breach of an employment contract. However, completely devoid from the Complaint is *any allegation* that ICS had sufficient minimum contacts with the State of Rhode Island to warrant the exercise of jurisdiction there.

Moreover, what the Complaint refers to an employment agreement, annexed hereto as **Exhibit A**, clearly and unmistakably includes a mandatory forum selection clause, stating: "This Agreement is governed by and shall be construed in accordance with the laws of the State of Iowa. Any litigation shall be in the venue of the State Courts of Linn County, Iowa, or the Federal Court for the Northern District of Iowa." *See* **Ex. A.**

Case 1:25-cv-00503-MSD-RJK   Document 14   Filed 02/03/25   Page 52 of 132 PageID #: 125

## ARGUMENT

**1.      The Court should enforce the forum selection clause incorporated into the parties' agreement and dismiss the Complaint.**

A party may waive his or her right to a personal-jurisdiction challenge "by entering into a contract that contains a forum selection clause." *Sidell v. Sidell*, 18 A.3d 499, 507 (R.I. 2011). Forum selection clauses have been held *prima facie* valid in Rhode Island as long as they are fundamentally fair. *Tateosian v. Celebrity Cruise Servs., Ltd.*, 768 A.2d 1248, 1250 (R.I. 2001). And a party claiming that the fundamental fairness standard has not been met bears "a heavy burden of proof." *Id.*

Here, the forum selection clause at stake was plainly stated, broadly drafted, and mandatory. *See* Ex. A. The provision reasonably placed in the State of Iowa jurisdiction over litigation arising out of a relationship with an Iowa corporation. Plaintiff's complaint has not even attempted to set forth why this clause should not be enforced, and there is no reason why Plaintiff's claims sounding in contract would not be equally justiciable under the laws of Iowa. Where only contractual claims are asserted, no Rhode Island public policy bars enforcement of the clause. Accordingly, Defendant prays this Court enforce the forum selection clause and dismiss the instant lawsuit insofar as it has been brought in the wrong forum

**2.      The Complaint fails to allege sufficient facts to confer personal jurisdiction over Defendant ICS.**

"It is well established that to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of personal jurisdiction, a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction." *Cerberus Partners, L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113, 1118 (R.I. 2003). The prima facie case is established "when the requirements of the Rhode Island long-arm statute are satisfied." *Id.* That statute, in turn, provides that "[e]very foreign corporation [and] every individual not a resident of this state … that shall have the necessary

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 5:40 PM
Envelope: 5335635
Reviewer: Maureen D.

Case 1:25-cv-00505-WRD-PAS   Document 1-4   Filed 10/21/25   Page 38 of 132 PageID #: 126

minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island … in every case not contrary to the provisions of the constitution or laws of the United States." R.I. Gen. Laws § 9-5-33(a). The Rhode Island Supreme Court has interpreted the long-arm statute "to permit the exercise of jurisdiction over a nonresident defendant to the fullest extent allowed by the United States Constitution." *Martins v. Bridgestone Americas Tire Operations, LLC*, 266 A.3d 753, 757 (R.I. 2022). Due process requires that a nonresident defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. *St. Onge v. USAA Fed. Sav. Bank*, 219 A.3d 1278, 1283 (R.I. 2019). Under either theory, *the burden is on Plaintiff* to allege sufficient facts to establish personal jurisdiction. *Id.* Plaintiff's complaint provides no basis whatsoever to establish that the Court has personal jurisdiction over ICS. Accordingly, Plaintiff has failed to establish this Court's personal jurisdiction over Mr. Derosa and Gabrielli and the complaint must be dismissed.

a. **The complaint fails to allege sufficient facts to establish general jurisdiction over Defendants in Rhode Island.**

A court has general, or all-purpose, jurisdiction over a corporation in the state where it is incorporated, where it has its principal place of business, and where the "corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). It is undisputed that ICS is organized under the laws of Iowa and that its principal place of business is in Iowa. Therefore, the only way ICS could be "at home" in Rhode Island is if it has "continuous and systematic" contacts with the state.

It is only "in rare circumstances" that a foreign defendant's contacts render it "at home." *St. Onge*, 219 A.3d at 1283 (noting being "at home" is a "high standard of limited applicability"). This is not one of those rare cases.

> **b.    The complaint fails to allege sufficient facts to establish general jurisdiction over Defendant in Rhode Island.**

Because there is no general jurisdiction, Plaintiff can only maintain a suit against ICS if he establishes that the Court has specific personal jurisdiction over them. "A party makes a successful prima facie showing of specific jurisdiction over a defendant where 'the claim sufficiently relates to or arises from any of a defendant's *purposeful* contacts with the forum.'" *St. Onge*, 219 A.3d at 1284 (quoting *Cassidy v. Lonquist Mgmt. Co.*, LLC, 920 A.2d 228, 233 (R.I. 2007)). In other words, there must be a "relationship among the defendant, the forum, and the litigation." *Cassidy*, 920 A.2d at 233. Here, Plaintiff must demonstrate that Defendant "performed some act by which [they] purposefully availed [themselves] of the privilege of conducting activities within [Rhode Island], thus invoking the benefits and protections of its laws." *Id*. (quoting *Rose v. Firstar Bank*, 819 A.2d 1247, 1251 (R.I. 2003)). Plaintiff's complaint lacks any allegation sufficient to establish specific jurisdiction over Defendant in Rhode Island.

There is no nexus between ICS, Rhode Island, and Plaintiff's claim, because the only contact with the forum of Rhode Island, the fact that Plaintiff resides here, is incidental. Moreover, ICS actively sought to undercut any link through the explicit forum selection clause in its offer letter. It is, therefore, factually impossible for Plaintiff's claims to "relate to" or "arise from" Defendants' "purposeful contacts with the forum." *St. Onge*, 219 A.3d at 1284. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017) (citing *Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of

a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.")). The lack of any relationship at all of ICS to Rhode Island in this case is fatal to specific jurisdiction.

In short, Plaintiff's complaint lacks any factual allegation tying ICS to Rhode Island, or Rhode Island to the lawsuit, and therefore fails to establish that specific personal jurisdiction exist, warranting dismissal pursuant to Rule 12(b)(3).

## CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

Defendant,
INFINITE COMPUTER SYSTEMS, INC.

*/s/ Brendan F. Ryan*
ROBERT P. BROOKS (#3721)
rbrooks@apslaw.com
BRENDAN F. RYAN (#9339)
bryan@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: 401-274-7200 / Fax: 401-751-0604

Dated: September 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2025:

☐     I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐     I served this document through the electronic filing system on the following parties:
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒     I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

    Weixing V. Wang
    71 Vanderland Avenue
    East Providence, RI 029014
    Vincent.Wan369@gmail.com

*/s/ Brendan F. Ryan*

# EXHIBIT A



August 16, 2022

Weixing V Wang
71 Vanderland Ave
East Providence, RI 02914

**RE:      Offer Letter**

Dear Mr. Wang:

Infinite Computing Systems, Inc. ("ICS"), would like to offer you the opportunity to contract as an Intermediate Supplier Quality Engineer with our client, Abbott, which is targeted for 6 months with a possible extension beyond that period. The scheduled start date is August 29, 2022. This offer letter is based on the following terms and conditions:

1. You will receive an hourly compensation as defined below every client approved hour, as per the following table. You will also be eligible for company benefits.

| Base | $ 55.10 |
|------|---------|
| PTO | $  2.90 |
| Total | $ 58.00 |

| Base | The per hour rate on approved hours worked. |
|------|---------------------------------------------|
| PTO | Paid time off includes vacation + sick + personal accrued/paid on the approved hours worked. If any or all of your accrued PTO is not used upon end of employment, it will be paid out. |

2. Your appointment will be subject to passing a drug / background check.

3. You will be required to submit client approved timesheets on a pre-determined basis.

4. Infinite Computing Systems, Inc. Payroll cycle is bimonthly, paid on the 15th and the last day of the month. Pay periods are from the 1st through the 15th and the 16th through the last day of the month. Payroll is paid 15 days in arrears, meaning that the 1st through the 15th is paid on the last day of the month and the 16th through the last day of the month is paid on the 15th of the following month.

5. In the event of separation with Infinite, whether voluntary or involuntary, Infinite will process your final paycheck with upcoming regular payroll cycle.

6. <u>Jurisdiction</u>: This Agreement is governed by and shall be construed in accordance with the laws of the State of Iowa. Any litigation shall be in the venue of the State Courts of Linn County, Iowa, or the Federal Court for the Northern District of Iowa.

AGREED TO AND ACCEPTED:                    AGREED TO AND ACCEPTED:

**INFINITE COMPUTING SYSTEMS, INC. (ICS)**          **WEIXING V WANG**

Signed:   _Raj Inani_                        Signed:   _Weixing V Wang_
Name:    Raj Inani                           Name:    Weixing V Wang
Date:    Aug 16, 2022                        Date:    Aug 17, 2022

**\*\*PTO paid out on my check in my hourly rate.    Yes ☒ No ☐ Initial** _ww_

125 Sixth Street NE, Suite 600, Cedar Rapids, IA 52401 Pt: 319-297-7530  Fax: 319-297-7540

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 5:40 PM
Envelope: 5335035
Reviewer: Maureen D.

Case 1:25-cv-00309-WRD-PAS   Document 1   Filed 10/21/25   Page 59 of 132   PageID #: 132

**DISCLOSURE AND CONSENT CONCERNING CONSUMER AND INVESTIGATIVE CONSUMER REPORTS**

This form, which you should read carefully, has been provided to you because Infinite Computing Systems, Inc. ("Company") may request Consumer Reports and/or Investigative Consumer Reports from a consumer reporting agency. The Company will use any such report(s) solely for employment-related purposes.

Consumer Reports or Investigative Consumer Reports will be obtained from HireRight, Inc., ("HireRight") located at 2100 Main Street, Suite 400, Irvine, CA 92614. They can be contacted at 800-400-2761. Any such reports may contain information bearing on your character, general reputation, personal characteristics, mode of living and credit standing. The types of information that may be obtained include, but are not limited to: credit reports, social security number, criminal records checks, public court records checks, including civil, driving records, educational records, verification of employment positions held, workers compensation records, personal and professional references, licensing, certification, etc. The information contained in these reports may be obtained by HireRight from private or public record sources including sources identified by you in your job application or through interviews or correspondence with your past or present coworkers, neighbors, friends, associates, current or former employers, educational institutions or other acquaintances.

For California residents, under section 1786.22 of the California Civil Code, you may view the file maintained on you by HireRight. You may also obtain a copy of this file, upon submitting proper identification and paying the costs of duplication services, by appearing at HireRight's offices in person, during normal business hours and on reasonable notice, or by mail; you may also receive a summary of the file by telephone. HireRight has trained personnel available to explain your file to you, including any coded information. If you appear in person, you may be accompanied by one other person, provided that person furnishes proper identification.

You are being given a copy of the "Summary of Your Rights Under the Fair Credit Reporting Act" prepared pursuant to 15 U.S.C. section 1681(g)(c). You have the right to request additional disclosures of the nature and scope of the investigation and a statement of your rights by contacting HireRight.

**CONSENT**

I have carefully read and understand this Disclosure and Consent form and, by my signature below, consent to the release of consumer and/or investigative consumer reports, as defined above, to the Company in conjunction with my application for employment. I further understand that any and all information contained in my job application or otherwise disclosed to the Company by me before, during or after my employment, if any, may be utilized for the purpose of obtaining the consumer reports or investigative consumer reports requested by the Company. I understand that if the Company hires me, it may request a consumer report and/or an investigative consumer report about me, as defined above, for employment-related purposes during the course of my employment. I understand that my consent will apply throughout my employment, to the extent permitted by law, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time. This Disclosure and Consent form, in original, faxed, photocopied or electronic form, will be valid for any reports that may be requested by the Company.

Applicant Last Name __Wang__                        First __Weixing__                Middle __Vincent__

Social Security # __311270188__                Date of Birth (for ID purposes only) __11/13/1957__

Present Address __71 Vanderland Ave__

City/State/Zip __East Providence, RI 02914__

Email Address __Vincent.wang618@gmail.com__

Applicant Signature ___(signature)___

**CALIFORNIA, MINNESOTA AND OKLAHOMA APPLICANTS ONLY:**

☑ I wish to receive a free copy of any Consumer Report and/or Investigative Consumer Report on me that is requested.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 6:40 PM
Envelope: 5335035
Reviewer: Maureen D.

Case Number: PC-2025-04547 Document 1 Filed 06/21/23 Page 60 of 132 PageID #: 133

# DRUG AND/OR ALCOHOL TESTING CONSENT FORM

### EMPLOYEE AGREEMENT AND CONSENT TO
### DRUG AND/OR ALCOHOL TESTING

I hereby agree, upon a request made under the drug/alcohol testing policy of Infinite Computing Systems, Inc (Company) to submit to a drug or alcohol test and to furnish a sample of my urine, breath, and/or blood for analysis. I understand and agree that if I at any time refuse to submit to a drug or alcohol test under company policy, or if I otherwise fail to cooperate with the testing procedures, I will be subject to immediate termination. I further authorize and give full permission to have the Company and/or its company physician send the specimen or specimens so collected to a laboratory for a screening test for the presence of any prohibited substances under the policy, and for the laboratory or other testing facility to release any and all documentation relating to such test to the Company and/or to any governmental entity involved in a legal proceeding or investigation connected with the test. Finally, I authorize the Company to disclose any documentation relating to such test to any governmental entity involved in a legal proceeding or investigation connected with the test.

I will hold harmless the Company, its company physician, and any testing laboratory the Company might use, meaning that I will not sue or hold responsible such parties for any alleged harm to me that might result from such testing, including loss of employment or any other kind of adverse job action that might arise as a result of the drug or alcohol test, even if a Company or laboratory representative makes an error in the administration or analysis of the test or the reporting of the results. I will further hold harmless the Company, its company physician, and any testing laboratory the Company might use for any alleged harm to me that might result from the release or use of information or documentation relating to the drug or alcohol test, as long as the release or use of the information is within the scope of this policy and the procedures as explained in the paragraph above.

This policy and authorization have been explained to me in a language I understand, and I have been told that if I have any questions about the test or the policy, they will be answered.

I UNDERSTAND THAT THE COMPANY WILL REQUIRE A DRUG SCREEN TEST UNDER THIS POLICY WHENEVER I AM INVOLVED IN AN ON-THE-JOB ACCIDENT OR INJURY UNDER CIRCUMSTANCES THAT SUGGEST POSSIBLE INVOLVEMENT OR INFLUENCE OF DRUGS OR ALCOHOL IN THE ACCIDENT OR INJURY EVENT.

_____     Aug 17, 2022
Signature of Employee                              Date

Weixing V Wang
_____
Employee's Name - Printed

_____     _____
Company Representative                           Date

# ICS/ISS Information Needed from ALL Candidates for Background Checks

**** carefully read Yellow highlighted instructions/information ****

## Personal Information:

| Field | Value |
|---|---|
| Legal Name (last, first, middle) | Wang, Weixing Vincent |
| Any other names used | Vincent |
| Current Address including country | 71 Vanderland Ave, East Providence, RI 02914 |
| Address must be a complete postal address including zip code. Pls do not write short or abbreviated words in address. | |
| Start date of residency (Must have - Month, Year) | Aug, 2014 |
| Phone number | 791-492-3986 |
| Email | Vincent.wang618@gmail.com |

## Previous Address: (need 7 yrs worth)

Address must be a complete postal address including zip code. Pls do not write short or abbreviated words in address.
Residency information must include From and To dates in MM/YYYY format.

| Field | Value |
|---|---|
| Dates (From MM/YYYY - To MM/YYYY) | |
| Previous Address: | |
| Dates (From MM/YYYY - To MM/YYYY) | |
| Previous Address: | |
| Dates (From MM/YYYY - To MM/YYYY) | |
| add more rows if needed | |

## Employment:

| Field | Value |
|---|---|
| Name of most current employer (company that paid you) | |
| employer company name who issue you the pay check. Pls note: Your client may not necessarily be the employer. | |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Amgen, RI Remote Role (Address 40 Technology Way Ste 1 |
| City | West Greenwich |
| State | RI 02817 |
| Country | USA |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | 3/14/2022 - 7/22/2022 |
| Official Job Title (as per your offer letter) | Manufacturing Deviation Investigator |
| May we contact? | The staffing company is different |
| If available: HR Manager Name (to contact for employment verification) | |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |

## Previous Employer: NEED MINIMUM OF 3

### Past Employer 1

| Field | Value |
|---|---|
| Name of the employer (company that paid you) | Takeda |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Headquarter is in Japan |
| City | |
| State | Japan |
| Country | |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | 12/6/2021 |
| End Date (MM - YYYY) - If you have accurate date, pls write the date as well | 2/6/2022 |
| Official Job Title (as per your offer letter) | Sr Supplier Quality Engineer. |
| If available: HR Manager Name (to contact for employment verification) | The staffing is different |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |

### Past Employer 2

| Field | Value |
|---|---|
| Name of the employer (company that paid you) | Johnson and Johnson |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Remote. Supervisor is in Europe |
| City | |
| State | |
| Country | Remote |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | 2/15/2021 |
| End Date (MM - YYYY) - If you have accurate date, pls write the date as well | 5/28/2021 |
| Official Job Title (as per your offer letter) | The staffing company is different |
| If available: HR Manager Name (to contact for employment verification) | |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |

### Past Employer 3

| Field | Value |
|---|---|
| Name of the employer (company that paid you) | Philips |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Andover, MA |
| City | |
| State | Company moved to a new location |
| Country | |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | Feb. 2020 |

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 5:40 PM
Envelope: 5337035
Reviewer: Maureen D.

Case 1:25-cv-00309-WRD-PAS Document 1-4 Filed 10/21/2025 Page 63 of 132 PageID #: 136

| Field | March 2020 |
|---|---|
| End Date (MM - YYYY) - if you have accurate date, pls write the date as well | |
| Official Job Title (as per your offer letter) | Sr. Quality Engineer |
| If available: HR Manager Name (to contact for employment verification) | Staffing company is different |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |
| **Education:** | |
| **High School** | |
| Diploma Received (Yes/No) | |
| Name of School | |
| Address(must be complete postal address with zip/postal code) | |
| Is this a domestic or foreign school | |
| Phone number of school | |
| Attendance Dates From (month/year) To(month/year) | |
| Please attach copy of diploma | |
| **Secondary Education Degree/Diploma** | |
| Any Other Degree of Qualification | |
| Degree/Diploma received/completed (Yes / No) | Bachelor Eng |
| Major or field of study | Materiales Engineering and Technology |
| Name of School/College/University | Harbin Science and Technology University |
| Address (must be complete postal address with zip/postal code) | Harbin, PR China |
| Is this a domestic or foreign school? | Foreign |
| Phone number of school | |
| Attendance Dates From (month, year) To(month/year) | March 1978 - Feb 1982 |
| Please attach copy of degree | |
| **2nd Highest Degree of Qualification** | Master Eng |
| Degree/Diploma received/completed (Yes / No) | Master Eng |
| Major or field of study | Materiales Science and Technology |
| Name of School/College/University | Harbin polytechnic Univeristy |
| Address (must be complete postal address with zip/postal code) | Harbin, PR China |
| Is this a domestic or foreign school? | Foreign |
| Phone number of school | |
| Attendance Dates From (month, year) To(month/year) | March 1982- Feb. 1985 |
| Please attach copy of degree | |
| **Highest Degree of Qualification** | |
| Degree/Diploma received/completed (Yes / No) | Ph D yes |
| Major or field of study | Materiales Engineering |
| Name of School/College/University | McGill University |
| Address (must be complete postal address with zip/postal code) | 845 W Sherbrooke St., Montreal, Canada |

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 6:44 PM
Envelope: 5337035
Reviewer: Maureen D.

| Is this a domestic or foreign school? | | |
| Phone number of school | | |
| Attendance Dates From (month, year) | | To(month/year) |
| Please attach copy of degree | | |
| **Please attach copies of the following documents:** | | |
| Any and all College Degrees and/or Diplomas | | |
| High School Diploma | | |

| **Please send these documents to HR when they contact you for them:** | |
| Drivers License | |
| Passport/Social Security card/ other Identity documents | |
| Date of Birth including year | |
| Entire social security number *(SEND TO HR)* | |

**Signature:** *[signature]*

**Email:** vincent.wang618@gmail.com

# Offer Letter

**Final Audit Report**

2022-08-17

| | |
|---|---|
| Created: | 2022-08-17 |
| By: | Raj Inani (HRUSA@infinite-usa.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAsil6YAcyhftGlltBjCZ5GqYkIqhvBotV |

## "Offer Letter" History

📄 Document created by Raj Inani (HRUSA@infinite-usa.com)
2022-08-17 - 7:11:11 PM GMT

✉ Document emailed to vincent.wang618@gmail.com for signature
2022-08-17 - 7:15:28 PM GMT

📄 Email viewed by vincent.wang618@gmail.com
2022-08-17 - 7:43:42 PM GMT

✍ Signer vincent.wang618@gmail.com entered name at signing as Weixing V Wang
2022-08-17 - 8:25:24 PM GMT

✍ Document e-signed by Weixing V Wang (vincent.wang618@gmail.com)
Signature Date: 2022-08-17 - 8:25:25 PM GMT - Time Source: server

✅ Agreement completed.
2022-08-17 - 8:25:25 PM GMT

**Adobe Acrobat Sign**

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/23/2025 5:08:57 AM
Envelope: 5338980
Reviewer: Carole D.



STATE OF RHODE ISLAND AND   PROVIDENCE PLANTATIONS

## SUPERIOR COURT

## OMNIBUS CALENDAR ASSIGNMENT FORM

| ☑ **Providence/Bristol County** ☐ **Kent County** ☐ **Washington County** ☐ **Newport County** |

| WEIXING V. WANG | **CASE NUMBER** PC-2025-04547 |
|---|---|
| VS. ABBOT LABORATORIES, and INFINITE COMPUTING SYSTEMS, INC. | |

## CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES
☐ FORMAL SPECIAL CAUSE CALENDAR ☐ BUSINESS CALENDAR ☑ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

☐ AGENCY APPEAL
☐ ASSESSMENT OF DAMAGES
☐ APPOINTMENT OF A SPECIAL MASTER
☐ CONFIRM ARBITRATION
☐ DECLARATORY JUDGMENT
☐ ENTRY OF JUDGMENT
☐ EVIDENTIARY HEARING
☐ FIRST AND FINAL REPORT
☐ FORECLOSURE OF RIGHT OF REDEMPTION
☐ FRIENDLY SUIT
☐ APPOINTMENT OF PERMANENT RECEIVER
☐ MOTION TO ATTACH
☐ MOTION FOR ATTORNEYS FEES
☐ MOTION TO COMPEL RECEIVER
☐ MOTION TO DEFAULT
☐ MOTION FOR ENTRY OF FINAL JUDGMENT
☐ MECHANIC'S LIEN
☐ MOTION FOR APPROVAL
☐ MANDATORY INJUNCTION
☐ MOTION TO ADJUDGE IN CONTEMPT
☐ OTHER FORMAL MATTER (EXPLAIN) _____
_____
☐ OTHER BUSINESS MATTER (EXPLAIN) _____
_____

☐ MOTION FOR PROTECTIVE ORDER
☐ MOTION TO RECONSIDER
☐ ORAL PROOF OF CLAIM
☐ PETITION TO ALLOW SECURED CLAIM
☐ PETITION TO APPOINT TEMPORARY RECEIVER
☐ PROOF OF CLAIM
☐ PETITION TO ENFORCE
☐ PETITION FOR INSTRUCTIONS
☐ PRELIMINARY INJUNCTION
☐ APPOINTMENT OF PERMANENT SPECIAL MASTER
☐ PETITION TO RECLAIM
☐ PARTITION PROCEEDINGS
☐ PETITION TO SELL
☐ RECEIVERSHIP PROCEEDINGS
☐ SHOW CAUSE HEARING
☐ SUPPLEMENTARY PROCEEDINGS
☐ TITLE PROCEEDINGS
☐ TEMPORARY RESTRAINING ORDER
☐ TRUSTEE PROCEEDINGS
☐ VACATE ARBITRATION
☐ WRIT OF MANDAMUS
☐ WRIT OF REPLEVIN

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

### DISPOSITIVE MOTION CALENDAR

☑ MOTION TO DISMISS, UNDER RULE 12
☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS
☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____
_____

☐ MOTION FOR PARTIAL SUMMARY JUDGMENT
☐ MOTION FOR SUMMARY JUDGMENT

| **HEARING DATE**: 1/27/2026 | **APPROVED BY**:  /s/ Patricia DelBrocco |
|---|---|
| **Failure to fill out this form properly may result in your hearing date not being approved.** | |

| Signature of Attorney or Self-represented Litigant /s/  Brendan F. Ryan | Address: 100 Westminster Street, 16th Floor, Providence, RI 02903 |
|---|---|
| Rhode Island Bar Number: 9339 | Office Telephone Number: 401-274-7200 | Date: 09/23/2025 |

Superior-37 (revised November 2014)

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

**STATE OF RHODE ISLAND**
**PROVIDENCE, S.C.**                                    **SUPERIOR COURT**

| | | |
|---|---|---|
| WEIXING V. WANG | : | |
|     Plaintiff, | : | |
| | : | |
| | : | |
|     v. | : | C.A. No. PC-2025-04547 |
| | : | |
| | : | |
| ABBOTT LABORATORIES and | : | |
| INFINITE COMPUT. S. INC. | : | |
|     Defendants. | | |

## DEFENDANT, ABBOTT LABORATORIES INC.'S, EMERGENCY MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Abbott Laboratories Inc. ("Abbott"), through undersigned counsel, respectfully moves for an extension of time through October 17, 2025 in which to answer or otherwise respond to Plaintiff's Complaint, pursuant to Rhode Island Superior Court Rule 6(b)(1). In support of its motion, Abbott refers the Court to the Affidavit of Victoria Tolbert, Esq[1]. attached as <u>Exhibit A</u>.

Abbott seeks consideration of this motion on an expedited basis because the undersigned counsel was just retained and Abbott's responsive pleading to Plaintiff's Complaint is currently due on September 30, 2025. This is Abbott's first request for an extension of time and no prejudice will result in granting Abbott's request.

For good cause shown, as outlined in <u>Exhibit 1</u> to the Affidavit of Victoria Tolbert, Esq., Abbott respectfully requests that its motion for an extension of time to answer or otherwise respond to Plaintiff's Complaint be <u>granted</u>.

---

[1] Ms. Tolbert will seek admission to this Court on a *pro hac vice* basis, and will serve as lead counsel on behalf of Defendant Abbott Laboratories Inc.

Dated: September 29, 2025

Respectfully submitted,

ABBOTT LABORATORIES INC.

*/s/ Sara E. Sweeney*
Sara E. Sweeney (#7841)
Freeman Mathis & Gary
One Boston Place, Suite 2200
Boston, MA 02108
Tel: 617-446-9309
Sara.sweeney@fmglaw.com

*Counsel for Defendant*
*Abbott Laboratories Inc.*

## CERTIFICATE OF SERVICE

I, Sara E. Sweeney, certify on September 29, 2025 that I electronically filed a copy of this Emergency Motion through the Court's electronic system which automatically provides notice to all counsel of record.

*/s/ Sara E. Sweeney*
Sara E. Sweeney

Case 1:25-cv-00500-RD-PAS Document 1-4 Filed 10/21/25 Page 26 of 69 PageID #: 142

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**PROVIDENCE, S.C.**


WEIXING V. WANG                          :
     Plaintiff,                          :
                          :
                          :
     v.                          :     C.A. No. PC-2025-04547
                          :
                          :
ABBOTT LABORATORIES and                          :
INFINITE COMPUT. S. INC.                          :
     Defendants.


## EXHIBIT 1
## <u>AFFIDAVIT OF VICTORIA TOLBERT, ESQ.</u>

1.     I, Victoria Tolbert, Esq., am an attorney licensed to practice in the State of North Carolina, Bar No. 32945. I have been retained to represent Defendant Abbott Laboratories Inc. ("Abbott") in this action and intend to seek *pro hac vice* admission.

2.     On September 10, 2025, Abbott was served with Plaintiff's Summons and Complaint.

3.     To the best of my knowledge, Abbott's responsive pleading to Plaintiff's Complaint is currently due on September 30, 2025.

4.     On September 25, 2025, I spoke to Plaintiff Weixing Wang ("Wang"), who is representing himself *pro se* in this action, to request his consent to an extension of time for Abbott to respond to Plaintiff's Complaint.

5.     Wang stated that he would think about my request for an extension, and that he would respond by the afternoon of September 26, 2025, as he would be busy in the morning with other things.

Case 1:25-cv-00500-RD-PAS   Document 1-4   Filed 10/21/25   Page 27 of 30 PageID #: 143

6.      I told Wang that I would follow up with an e-mail to summarize what we discussed, as well as to provide my contact information so that he would have multiple ways to contact me.

7.      On the late morning of September 26, 2025, I followed up with Wang via email to summarize what we discussed and provide my contact information. See Exhibit 1.

8.      By the afternoon of September 26, 2025, I still had not heard from Wang, so I called him once more at 3:19 pm.

9.      During our call, Wang acknowledged that he received my email. Wang further stated that, although he is still unrepresented by counsel, he is waiting to hear back from an attorney, and does not feel comfortable giving me a decision on my request until after he speaks with an attorney.

10.     Therefore, Wang has not provided Abbott with a definitive answer as to whether he will agree to this request.

11.     This is Abbott's first request for an extension of time and no prejudice will result in granting Abbott's request.

12.     Accordingly, for good cause shown, Abbott respectfully requests that its motion be granted.

Signed under the pains and penalties of perjury:


 /s/ Victoria Tolbert_____
Victoria Tolbert, Esq.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.
Case 1:25-cv-00500-WRD-PAS   Document 1-4   Filed 10/21/25   Page 2 of 31   PageID #:
144

**Tolbert, Victoria Street**

| | |
|---|---|
| **From:** | Tolbert, Victoria Street |
| **Sent:** | Friday, September 26, 2025 11:41 AM |
| **To:** | 'Vincent.Wan369@gmail.com' |
| **Subject:** | Wang v. Abbott Laboratories Inc. et al. |

Hi Mr. Wang,

It was good to speak with you yesterday on 9/25/25.  As discussed in our conversation, my name is Victoria Tolbert, and I represent Abbott Laboratories Inc. (Abbott) in the matter that you have filed in Rhode Island state court.

As further discussed, I am following up with you via email regarding Abbott's request for an extension of time to respond to the allegations contained in your Complaint.

We are diligently working to gather information concerning this matter.  Upon further review, we need until October 17, 2025, to respond to your Complaint.

Based on our conversation on 9/25/25, I understand that you need time to think about my extension request and will respond back to me today (9/26/25) by the afternoon. If you can please let me know this afternoon whether you stipulate to Abbott's extension request, that would be great.

I look forward to hearing from you this afternoon,
Victoria

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:10 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00509-JJM-PAS   Document 1-4   Filed 10/21/25   Page 2 of 2 PageID #:
145

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**PROVIDENCE, S.C.**


WEIXING V. WANG                   :
    Plaintiff,                        :
                        :
                        :
    v.                                :        C.A. No. PC-2025-04547
                        :
                        :
ABBOTT LABORATORIES and           :
INFINITE COMPUT. S. INC.          :
    Defendants.


### ORDER ON DEFENDANT ABBOTT LABORATORIES' MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

       This matter came before the Honorable Judge Joseph J. McBurney on September 30, 2025 on the motion by Defendant Abbott Laboratories Inc., seeking an extension of time to answer or otherwise respond to Plaintiff's Complaint. After hearing and consideration of the papers filed by the parties, it is hereby:

### ORDERED, ADJUDGED, AND DECREED

       The Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint is hereby GRANTED. Defendant Abbott Laboratories Inc. shall have up through and including November 1, 2025 in which to file its response.

ENTER:                                         BY ORDER OF:


_____         _____

The Honorable Joseph J. McBurney          Deputy Clerk
Associate Justice, Rhode Island Superior Court


Dated:_____          Dated:_____

PRESENTED BY:


ABBOTT LABORATORIES INC.

*/s/ Sara E. Sweeney*
Sara E. Sweeney (#7841)
Freeman Mathis & Gary
One Boston Place, Suite 2200
Boston, MA 02108
Tel: 617-446-9309
Sara.sweeney@fmglaw.com

*Local Counsel for Defendant*
*Abbott Laboratories Inc.*


## CERTIFICATE OF SERVICE

I, Sara E. Sweeney, certify on September 30, 2025 that I electronically filed a copy of this Emergency Motion through the Court's electronic system which automatically provides notice to all counsel of record.

*/s/ Sara Sweeney*
Sara E. Sweeney

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 10/2/2025 5:11 PM
Envelope: 5335933
Reviewer: Maureen D.

Case 1:25-cv-00503-PAS Document 1 Filed 10/03/25 Page 74 of 132 PageID #: 147

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WEIXING V. WANG

**DEFENDANTS**
ABBOTT LABORATORIES and INFINITE COMPUTER SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff **Providence**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Weixing V. Wang, pro se, 71 Vanderland Avenue, East Providence, RI 029014

Attorneys *(If Known)*
Sara Sweeney, Freeman Mathis & Gary, One Boston Place, Suite 2200, Boston, MA 02108 (617) 446-9309

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | | | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | **FEDERAL TAX SUITS** | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | 871 IRS—Third Party 26 USC 7609 | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

*(790 Other Labor Litigation marked with X)*

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [X] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
October 2, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Sara Sweeney

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/30/2025 3:45 PM
Envelope: 5331628
Reviewer: Randie M.

1:25-CV-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 75 of 132 PageID #:
148

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, S.C.**


WEIXING V. WANG                    :
    Plaintiff,                       :
                                     :
                                     :
    v.                               :    C.A. No. PC-2025-04547
                                     :
                                     :
ABBOTT LABORATORIES and            :
INFINITE COMPUT. S. INC.           :
    Defendants.                      :


### ORDER ON DEFENDANT ABBOTT LABORATORIES' MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

This matter came before the Honorable Judge Joseph J. McBurney on September 30, 2025

on the motion by Defendant Abbott Laboratories Inc., seeking an extension of time to answer or

otherwise respond to Plaintiff's Complaint. After hearing and consideration of the papers filed by

the parties, it is hereby:

### ORDERED, ADJUDGED, AND DECREED

The Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's

Complaint is hereby GRANTED. Defendant Abbott Laboratories Inc. shall have up through and

including November 1, 2025 in which to file its response.

ENTER:                                        BY ORDER OF:


_____              _____

The Honorable Joseph J. McBurney             Deputy Clerk
Associate Justice, Rhode Island Superior Court


Dated:_____               Dated:_____

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/30/2025 3:45 PM
Envelope: 5331628
Reviewer: Randie M.

Case 1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 76 of 132 PageID #: 149

PRESENTED BY:


ABBOTT LABORATORIES INC.

*/s/ Sara E. Sweeney*
Sara E. Sweeney (#7841)
Freeman Mathis & Gary
One Boston Place, Suite 2200
Boston, MA 02108
Tel: 617-446-9309
Sara.sweeney@fmglaw.com

*Local Counsel for Defendant*
*Abbott Laboratories Inc.*


## CERTIFICATE OF SERVICE

I, Sara E. Sweeney, certify on September 30, 2025 that I electronically filed a copy of this Emergency Motion through the Court's electronic system which automatically provides notice to all counsel of record.

*/s/ Sara Sweeney*
Sara E. Sweeney

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/29/2025 12:27 PM
Envelope: 5328065
Reviewer: J'Lyn D.

1:25-CV-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 77 of 132 PageID #:
150

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, S.C.**


WEIXING V. WANG                    :
     Plaintiff,                    :
                          :
                          :
     v.                    :        C.A. No. PC-2025-04547
                          :
                          :
ABBOTT LABORATORIES and            :
INFINITE COMPUT. S. INC.           :
     Defendants.


# EXHIBIT A
## AFFIDAVIT OF VICTORIA TOLBERT, ESQ.

1.     I, Victoria Tolbert, Esq., am an attorney licensed to practice in the State of North Carolina, Bar No. 32945. I have been retained to represent Defendant Abbott Laboratories Inc. ("Abbott") in this action and intend to seek *pro hac vice* admission.

2.     On September 10, 2025, Abbott was served with Plaintiff's Summons and Complaint.

3.     To the best of my knowledge, Abbott's responsive pleading to Plaintiff's Complaint is currently due on September 30, 2025.

4.     On September 25, 2025, I spoke to Plaintiff Weixing Wang ("Wang"), who is representing himself *pro se* in this action, to request his consent to an extension of time for Abbott to respond to Plaintiff's Complaint.

5.     Wang stated that he would think about my request for an extension, and that he would respond by the afternoon of September 26, 2025, as he would be busy in the morning with other things.

6.    I told Wang that I would follow up with an e-mail to summarize what we discussed, as well as to provide my contact information so that he would have multiple ways to contact me.

7.    On the late morning of September 26, 2025, I followed up with Wang via email to summarize what we discussed and provide my contact information. See Exhibit 1.

8.    By the afternoon of September 26, 2025, I still had not heard from Wang, so I called him once more at 3:19 pm.

9.    During our call, Wang acknowledged that he received my email. Wang further stated that, although he is still unrepresented by counsel, he is waiting to hear back from an attorney and does not feel comfortable giving me a decision on my request until after he speaks with an attorney.

10.    Therefore, Wang has not provided Abbott with a definitive answer as to whether he will agree to this request.

11.    This is Abbott's first request for an extension of time and no prejudice will result in granting Abbott's request.

12.    Accordingly, for good cause shown, Abbott respectfully requests that its motion be granted.


Signed under the pains and penalties of perjury:


 /s/ Victoria Tolbert_____
Victoria Tolbert, Esq.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/29/2025 12:27 PM
Envelope: 5328065
Reviewer: J'Lyn D.

Case 1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 79 of 132 PageID #: 152

EXHIBIT 1

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/29/2025 12:27 PM
Envelope: 5328065
Reviewer: J'Lyn D.

1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 80 of 132 PageID #: 153

**Tolbert, Victoria Street**

| | |
|---|---|
| **From:** | Tolbert, Victoria Street |
| **Sent:** | Friday, September 26, 2025 11:41 AM |
| **To:** | 'Vincent.Wan369@gmail.com' |
| **Subject:** | Wang v. Abbott Laboratories Inc. et al. |

Hi Mr. Wang,

It was good to speak with you yesterday on 9/25/25. As discussed in our conversation, my name is Victoria Tolbert, and I represent Abbott Laboratories Inc. (Abbott) in the matter that you have filed in Rhode Island state court.

As further discussed, I am following up with you via email regarding Abbott's request for an extension of time to respond to the allegations contained in your Complaint.

We are diligently working to gather information concerning this matter. Upon further review, we need until October 17, 2025, to respond to your Complaint.

Based on our conversation on 9/25/25, I understand that you need time to think about my extension request and will respond back to me today (9/26/25) by the afternoon. If you can please let me know this afternoon whether you stipulate to Abbott's extension request, that would be great.

I look forward to hearing from you this afternoon,
Victoria

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/29/2025 12:27 PM
Envelope: 5328065
Reviewer: J'Lyn D.

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, S.C.**


WEIXING V. WANG                    :
    Plaintiff,                    :
                  :
                  :
    v.                    :          C.A. No. PC-2025-04547
                  :
                  :
ABBOTT LABORATORIES and                    :
INFINITE COMPUT. S. INC.                    :
    Defendants.


## DEFENDANT, ABBOTT LABORATORIES INC.'S, EMERGENCY MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Abbott Laboratories Inc. ("Abbott"), through undersigned counsel, respectfully moves for an extension of time through October 17, 2025 in which to answer or otherwise respond to Plaintiff's Complaint, pursuant to Rhode Island Superior Court Rule 6(b)(1). In support of its motion, Abbott refers the Court to the Affidavit of Victoria Tolbert, Esq[1]. attached as <u>Exhibit A</u>.

Abbott seeks consideration of this motion on an expedited basis because the undersigned counsel was just retained and Abbott's responsive pleading to Plaintiff's Complaint is currently due on September 30, 2025. This is Abbott's first request for an extension of time and no prejudice will result in granting Abbott's request.

For good cause shown, as outlined in <u>Exhibit 1</u> to the Affidavit of Victoria Tolbert, Esq., Abbott respectfully requests that its motion for an extension of time to answer or otherwise respond to Plaintiff's Complaint be <u>granted</u>.

---

[1] Ms. Tolbert will seek admission to this Court on a *pro hac vice* basis, and will serve as lead counsel on behalf of Defendant Abbott Laboratories Inc.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/29/2025 12:27 PM
Envelope: 5328065
Reviewer: J'Lyn D.

1:25-CV-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 82 of 132 PageID #: 155

Dated: September 29, 2025                    Respectfully submitted,

                                            ABBOTT LABORATORIES INC.

                                            */s/ Sara E. Sweeney*
                                            Sara E. Sweeney (#7841)
                                            Freeman Mathis & Gary
                                            One Boston Place, Suite 2200
                                            Boston, MA 02108
                                            Tel: 617-446-9309
                                            Sara.sweeney@fmglaw.com

                                            *Counsel for Defendant*
                                            *Abbott Laboratories Inc.*


### CERTIFICATE OF SERVICE

I, Sara E. Sweeney, certify on September 29, 2025 that I electronically filed a copy of this Emergency Motion through the Court's electronic system which automatically provides notice to all counsel of record.

                                            */s/ Sara Sweeney*
                                            Sara E. Sweeney



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number** |
| | PC-2025-04547 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Weixing Wang | Weixing Wang |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Abbot Laboratories et al. | 71 Vanderland Ave Apt 1 |
| **Defendant** | East Providence RI 02914 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | 450 Veterans Memorial Parkway |
| 250 Benefit Street | Suite 7A |
| Providence RI 02903 | East Providence RI 02914 |
| (401) 222-3250 | |

## TO THE DEFENDANT, Abbot Laboratories:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/28/2025. | /s/ Stephen Burke |
| | Clerk |

Witness the seal/watermark of the Superior Court





FILED
CLERK'S OFFICE

25 SEP 29 AM 11: 11

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2025-04547 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Abbot Laboratories, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

Age _____

Relationship to the Defendant _____

☑ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____ CT - Corp _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: __9__ / __10__ / __25__  __9:56__     SERVICE FEE $ _____

            Month  Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

           Notary Public: _____

           My commission expires: _____

           Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/26/2025 5:16 PM
Envelope: 5326402
Reviewer: J'Lyn D.

1:25-CV-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 86 of 132 PageID #:
159

**STATE OF RHODE ISLAND**                     **SUPERIOR COURT**
**PROVIDENCE, S.C.**


WEIXING V. WANG                    :
    Plaintiff,                          :
                          :
                          :
    v.                                     :    C.A. No. PC-2025-04547
                          :
                          :
ABBOTT LABORATORIES and            :
INFINITE COMPUT. S. INC.           :
    Defendants.

<u>NOTICE OF APPEARANCE</u>

    Please kindly enter the appearance of Sara E. Sweeney on behalf of the Defendant,

Abbott Laboratories.



Dated: September 26, 2025                     Respectfully submitted,

                                           Defendant,
                                           ABBOTT LABORATORIES INC.

                                           By Its Attorney,

                                           */s/ Sara E. Sweeney*
                                           Sara E. Sweeney (#7841)
                                           Freeman Mathis & Gary
                                           One Boston Place, Suite 2200
                                           Boston, MA 02108
                                           Tel: 617-446-9309
                                           Sara.sweeney@fmglaw.com



<u>CERTIFICATE OF SERVICE</u>

    I, Sara E. Sweeney, hereby certify on this 26th day of September 2025 that I electronically filed a copy of the within through the Court's CM/ECF system which automatically provides notice to all counsel of record.

                                           *Sara Sweeney*
                                         Sara E. Sweeney

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/23/2025 10:29 AM
Envelope: 5318560
Reviewer: Carol M.

CV-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 87 of 132 PageID #:



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT
## OMNIBUS CALENDAR ASSIGNMENT FORM

☐ **Providence/Bristol County**   ☐ **Kent County**   ☐ **Washington County**   ☐ **Newport County**

|  | CASE NUMBER |
|---|---|
| VS. |  |

## CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES
☐ FORMAL SPECIAL CAUSE CALENDAR   ☐ BUSINESS CALENDAR   ☐ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

| | |
|---|---|
| ☐ AGENCY APPEAL | ☐ MOTION FOR PROTECTIVE ORDER |
| ☐ ASSESSMENT OF DAMAGES | ☐ MOTION TO RECONSIDER |
| ☐ APPOINTMENT OF A SPECIAL MASTER | ☐ ORAL PROOF OF CLAIM |
| ☐ CONFIRM ARBITRATION | ☐ PETITION TO ALLOW SECURED CLAIM |
| ☐ DECLARATORY JUDGMENT | ☐ PETITION TO APPOINT TEMPORARY RECEIVER |
| ☐ ENTRY OF JUDGMENT | ☐ PROOF OF CLAIM |
| ☐ EVIDENTIARY HEARING | ☐ PETITION TO ENFORCE |
| ☐ FIRST AND FINAL REPORT | ☐ PETITION FOR INSTRUCTIONS |
| ☐ FORECLOSURE OF RIGHT OF REDEMPTION | ☐ PRELIMINARY INJUNCTION |
| ☐ FRIENDLY SUIT | ☐ APPOINTMENT OF PERMANENT SPECIAL MASTER |
| ☐ APPOINTMENT OF PERMANENT RECEIVER | ☐ PETITION TO RECLAIM |
| ☐ MOTION TO ATTACH | ☐ PARTITION PROCEEDINGS |
| ☐ MOTION FOR ATTORNEYS FEES | ☐ PETITION TO SELL |
| ☐ MOTION TO COMPEL RECEIVER | ☐ RECEIVERSHIP PROCEEDINGS |
| ☐ MOTION TO DEFAULT | ☐ SHOW CAUSE HEARING |
| ☐ MOTION FOR ENTRY OF FINAL JUDGMENT | ☐ SUPPLEMENTARY PROCEEDINGS |
| ☐ MECHANIC'S LIEN | ☐ TITLE PROCEEDINGS |
| ☐ MOTION FOR APPROVAL | ☐ TEMPORARY RESTRAINING ORDER |
| ☐ MANDATORY INJUNCTION | ☐ TRUSTEE PROCEEDINGS |
| ☐ MOTION TO ADJUDGE IN CONTEMPT | ☐ VACATE ARBITRATION |
| ☐ OTHER FORMAL MATTER (EXPLAIN) _____ | ☐ WRIT OF MANDAMUS |
| _____ | ☐ WRIT OF REPLEVIN |
| ☐ OTHER BUSINESS MATTER (EXPLAIN) _____ | |
| _____ | |

**If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.**

### DISPOSITIVE MOTION CALENDAR

| | |
|---|---|
| ☐ MOTION TO DISMISS, UNDER RULE 12 | ☐ MOTION FOR PARTIAL SUMMARY |
| ☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS | JUDGMENT |
| ☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____ | ☐ MOTION FOR SUMMARY JUDGMENT |
| _____ | |

| **HEARING DATE:** | **APPROVED BY**: /s/ Patricia DelBrocco |
|---|---|

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant /s/ _____ | Address: |
|---|---|
| Rhode Island Bar Number: | Office Telephone Number: | Date: |

Superior-37 (revised November 2014)

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/23/2025 10:26 AM
Envelope: 5318552
Reviewer: Carol M.

1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 88 of 132 PageID #:
161

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

---

WEIXING V. WANG,

       Plaintiff

     v.                                           C.A. No. PC-2025-04547

ABBOT LABORATORIES, and

INFINITE COMPUTING SYSTEMS, INC.

       Defendants

---

### ENTRY OF APPEARANCE (REVISED)

      Brendan F. Ryan of Adler Pollock & Sheehan P.C. hereby enters his appearance on behalf

of Defendant, Infinite Computing Systems, Inc.


                         */s/ Brendan F. Ryan*
                         BRENDAN F. RYAN (#9339)
                         bryan@apslaw.com
                         ADLER POLLOCK & SHEEHAN P.C.
                         100 Westminster Street, 16th Floor
                         Providence, RI  02903
                         Tel:  401-274-7200
                         Fax:  401-751-0604


Dated:  September 23, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/23/2025 10:26 AM
Envelope: 5318552
Reviewer: Carol M.

1:25-CV-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 89 of 132 PageID #: 162

## CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2025:

☐ I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐ I served this document through the electronic filing system on the following parties:
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒ I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

   Weixing V. Wang
   71 Vanderland Avenue
   East Providence, RI 02914
   Vincent.Wan369@gmail.com

         */s/ Brendan F. Ryan*

4926-6711-5627, v. 1

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/23/2025 10:23 AM
Envelope: 5318542
Reviewer: Carol M.

1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 90 of 132 PageID #: 163

**STATE OF RHODE ISLAND**                     **SUPERIOR COURT**
**PROVIDENCE, SC**

WEIXING V. WANG,
          Plaintiff

      v.                                                    C.A. No. PC-2025-04547

ABBOT LABORATORIES, and
INFINITE COMPUTING SYSTEMS, INC.
          Defendants

## ENTRY OF APPEARANCE (REVISED)

    Robert P. Brooks of Adler Pollock & Sheehan P.C. hereby enters his appearance on behalf

of Defendant, Infinite Computing Systems, Inc.


                          */s/ Robert P. Brooks*
                          ROBERT P. BROOKS (#3721)
                          rbrooks@apslaw.com
                          ADLER POLLOCK & SHEEHAN P.C.
                          100 Westminster Street, 16th Floor
                          Providence, RI  02903
                          Tel:  401-274-7200
                          Fax:  401-751-0604


Dated:  September 23, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/23/2025 10:23 AM
Envelope: 5318542
Reviewer: Carol M.

CV-00503-MRD-PAS       Document 4       Filed 10/03/25       Page 91 of 132 PageID #:
164

## CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2025:

☐        I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐        I served this document through the electronic filing system on the following parties:
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒        I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

       Weixing V. Wang
       71 Vanderland Avenue
       East Providence, RI 02914
       Vincent.Wan369@gmail.com

*/s/ Robert P. Brooks*

4911-6679-9979, v. 1

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

Case 1:25-CV-00503-MRD-PAS   Document 4   Filed 10/03/25   Page 92 of 132 PageID #: 165

STATE OF RHODE ISLAND            SUPERIOR COURT
PROVIDENCE, SC

| | | |
|---|---|---|
| WEIXING V. WANG, | : | |
| Plaintiff | : | |
| v. | : | PC-2025-04547 |
| | : | |
| ABBOT LABORATORIES, and | : | |
| INFINITE COMPUTING SYSTEMS, INC. | : | |
| Defendants | : | |

## DEFENDANT INFINITE COMPUTER SYSTEMS, INC.'S
## MEMORANDUM IN SUPPORT OF ITS
## <u>MOTION TO DISMISS</u>

Defendant, Infinite Computing Systems, Inc. ("ICS") submits the within Memorandum in support of its Motion to Dismiss the Complaint pursuant to Rule 12(b)(3) for lack of personal jurisdiction.

### FACTUAL ALLEGATIONS FROM COMPLAINT

Plaintiff Weixing Wang, a Rhode Island resident, filed a *pro se* complaint in this Court against a non-resident defendant, ICS, an Iowa corporation, with principal places of business in Iowa, Texas, India, and Thailand. Plaintiff has alleged claims for damages arising entirely from a purported breach of an employment contract. However, completely devoid from the Complaint is *any allegation* that ICS had sufficient minimum contacts with the State of Rhode Island to warrant the exercise of jurisdiction there.

Moreover, what the Complaint refers to an employment agreement, annexed hereto as **Exhibit A**, clearly and unmistakably includes a mandatory forum selection clause, stating: "This Agreement is governed by and shall be construed in accordance with the laws of the State of Iowa. Any litigation shall be in the venue of the State Courts of Linn County, Iowa, or the Federal Court for the Northern District of Iowa." *See* **Ex. A.**

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-CV-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 93 of 132 PageID #: 166

## ARGUMENT

1.    **The Court should enforce the forum selection clause incorporated into the parties' agreement and dismiss the Complaint.**

A party may waive his or her right to a personal-jurisdiction challenge "by entering into a contract that contains a forum selection clause." *Sidell v. Sidell*, 18 A.3d 499, 507 (R.I. 2011). Forum selection clauses have been held *prima facie* valid in Rhode Island as long as they are fundamentally fair. *Tateosian v. Celebrity Cruise Servs., Ltd.*, 768 A.2d 1248, 1250 (R.I. 2001). And a party claiming that the fundamental fairness standard has not been met bears "a heavy burden of proof." *Id.*

Here, the forum selection clause at stake was plainly stated, broadly drafted, and mandatory. *See* Ex. A. The provision reasonably placed in the State of Iowa jurisdiction over litigation arising out of a relationship with an Iowa corporation. Plaintiff's complaint has not even attempted to set forth why this clause should not be enforced, and there is no reason why Plaintiff's claims sounding in contract would not be equally justiciable under the laws of Iowa. Where only contractual claims are asserted, no Rhode Island public policy bars enforcement of the clause. Accordingly, Defendant prays this Court enforce the forum selection clause and dismiss the instant lawsuit insofar as it has been brought in the wrong forum

2.    **The Complaint fails to allege sufficient facts to confer personal jurisdiction over Defendant ICS.**

"It is well established that to withstand a defendant's Rule 12(b)(2) motion to dismiss a complaint for lack of personal jurisdiction, a plaintiff must allege sufficient facts to make out a prima facie case of jurisdiction." *Cerberus Partners, L.P. v. Gadsby & Hannah, LLP*, 836 A.2d 1113, 1118 (R.I. 2003). The prima facie case is established "when the requirements of the Rhode Island long-arm statute are satisfied." *Id.* That statute, in turn, provides that "[e]very foreign corporation [and] every individual not a resident of this state … that shall have the necessary

minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island … in every case not contrary to the provisions of the constitution or laws of the United States." R.I. Gen. Laws § 9-5-33(a). The Rhode Island Supreme Court has interpreted the long-arm statute "to permit the exercise of jurisdiction over a nonresident defendant to the fullest extent allowed by the United States Constitution." *Martins v. Bridgestone Americas Tire Operations, LLC*, 266 A.3d 753, 757 (R.I. 2022). Due process requires that a nonresident defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction. *St. Onge v. USAA Fed. Sav. Bank*, 219 A.3d 1278, 1283 (R.I. 2019). Under either theory, *the burden is on Plaintiff* to allege sufficient facts to establish personal jurisdiction. *Id.* Plaintiff's complaint provides no basis whatsoever to establish that the Court has personal jurisdiction over ICS. Accordingly, Plaintiff has failed to establish this Court's personal jurisdiction over Mr. Derosa and Gabrielli and the complaint must be dismissed.

      a.      **The complaint fails to allege sufficient facts to establish general jurisdiction over Defendants in Rhode Island.**

A court has general, or all-purpose, jurisdiction over a corporation in the state where it is incorporated, where it has its principal place of business, and where the "corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). It is undisputed that ICS is organized under the laws of Iowa and that its principal place of business is in Iowa. Therefore, the only way ICS could be "at home" in Rhode Island is if it has "continuous and systematic" contacts with the state.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

Document 4    Filed 10/03/25    Page 95 of 132 PageID #: 168

It is only "in rare circumstances" that a foreign defendant's contacts render it "at home." *St. Onge*, 219 A.3d at 1283 (noting being "at home" is a "high standard of limited applicability"). This is not one of those rare cases.

> ### b.    The complaint fails to allege sufficient facts to establish general jurisdiction over Defendant in Rhode Island.

Because there is no general jurisdiction, Plaintiff can only maintain a suit against ICS if he establishes that the Court has specific personal jurisdiction over them. "A party makes a successful prima facie showing of specific jurisdiction over a defendant where 'the claim sufficiently relates to or arises from any of a defendant's *purposeful* contacts with the forum.'" *St. Onge*, 219 A.3d at 1284 (quoting *Cassidy v. Lonquist Mgmt. Co.*, LLC, 920 A.2d 228, 233 (R.I. 2007)). In other words, there must be a "relationship among the defendant, the forum, and the litigation." *Cassidy*, 920 A.2d at 233. Here, Plaintiff must demonstrate that Defendant "performed some act by which [they] purposefully availed [themselves] of the privilege of conducting activities within [Rhode Island], thus invoking the benefits and protections of its laws." *Id.* (quoting *Rose v. Firstar Bank*, 819 A.2d 1247, 1251 (R.I. 2003)). Plaintiff's complaint lacks any allegation sufficient to establish specific jurisdiction over Defendant in Rhode Island.

There is no nexus between ICS, Rhode Island, and Plaintiff's claim, because the only contact with the forum of Rhode Island, the fact that Plaintiff resides here, is incidental. Moreover, ICS actively sought to undercut any link through the explicit forum selection clause in its offer letter. It is, therefore, factually impossible for Plaintiff's claims to "relate to" or "arise from" Defendants' "purposeful contacts with the forum." *St. Onge*, 219 A.3d at 1284. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017) (citing *Goodyear*, 564 U.S. at 931 n.6 ("[E]ven regularly occurring sales of

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-CV-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 96 of 132 PageID #: 169

a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.")). The lack of any relationship at all of ICS to Rhode Island in this case is fatal to specific jurisdiction.

In short, Plaintiff's complaint lacks any factual allegation tying ICS to Rhode Island, or Rhode Island to the lawsuit, and therefore fails to establish that specific personal jurisdiction exist, warranting dismissal pursuant to Rule 12(b)(3).

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

Defendant,
INFINITE COMPUTER SYSTEMS, INC.

*/s/ Brendan F. Ryan*
ROBERT P. BROOKS (#3721)
rbrooks@apslaw.com
BRENDAN F. RYAN (#9339)
bryan@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: 401-274-7200 / Fax: 401-751-0604

Dated: September 22, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-cv-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 97 of 132 PageID #:
170

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 22, 2025:

☐     I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐     I served this document through the electronic filing system on the following parties: The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒     I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

> Weixing V. Wang
> 71 Vanderland Avenue
> East Providence, RI 029014
> Vincent.Wan369@gmail.com

*/s/ Brendan F. Ryan*

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

Case 1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 98 of 132 PageID #: 171

# EXHIBIT A

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.
PC-2025-CV-00503-MRD-PAS      Document 4      Filed 10/03/25      Page 99 of 132 PageID #: 172

# Infinite COMPUTING SYSTEMS

*Innovative Solutions · On Demand*

August 16, 2022

Weixing V Wang
71 Vanderland Ave
East Providence, RI 02914

**RE:      Offer Letter**

Dear Mr. Wang:

Infinite Computing Systems, Inc. ("ICS"), would like to offer you the opportunity to contract as an Intermediate Supplier Quality Engineer with our client, Abbott, which is targeted for 6 months with a possible extension beyond that period. The scheduled start date is August 29, 2022. This offer letter is based on the following terms and conditions:

1. You will receive an hourly compensation as defined below every client approved hour, as per the following table. You will also be eligible for company benefits.

| Base | $ 55.10 |
|------|---------|
| PTO | $ 2.90 |
| Total | $ 58.00 |

| Base | The per hour rate on approved hours worked. |
|------|---------------------------------------------|
| PTO | Paid time off includes vacation + sick + personal accrued/paid on the approved hours worked. If any or all of your accrued PTO is not used upon end of employment, it will be paid out. |

2. Your appointment will be subject to passing a drug / background check.

3. You will be required to submit client approved timesheets on a pre-determined basis.

4. Infinite Computing Systems, Inc. Payroll cycle is bimonthly, paid on the 15th and the last day of the month. Pay periods are from the 1st through the 15th and the 16th through the last day of the month. Payroll is paid 15 days in arrears, meaning that the 1st through the 15th is paid on the last day of the month and the 16th through the last day of the month is paid on the 15th of the following month.

5. In the event of separation with Infinite, whether voluntary or involuntary, Infinite will process your final paycheck with upcoming regular payroll cycle.

6. <u>Jurisdiction</u>: This Agreement is governed by and shall be construed in accordance with the laws of the State of Iowa. Any litigation shall be in the venue of the State Courts of Linn County, Iowa, or the Federal Court for the Northern District of Iowa.

AGREED TO AND ACCEPTED:                    AGREED TO AND ACCEPTED:

**INFINITE COMPUTING SYSTEMS, INC. (ICS)**          **WEIXING V WANG**

| | | | |
|---|---|---|---|
| Signed: | *Raj Inani* | Signed: | *WVW* |
| Name: | Raj Inani | Name: | Weixing V Wang |
| Date: | Aug 16, 2022 | Date: | Aug 17, 2022 |

**\*\*PTO paid out on my check in my hourly rate.   Yes ■   No ☐   Initial** *WW*

125 Sixteen Street SE, Suite 600, Cedar Rapids, IA 52401 Ph: 319.297.7530   Fax: 319.297.7540

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 100 of 132 PageID
#: 173

**DISCLOSURE AND CONSENT CONCERNING CONSUMER AND INVESTIGATIVE CONSUMER REPORTS**

This form, which you should read carefully, has been provided to you because Infinite Computing Systems, Inc. ("Company") may request Consumer Reports and/or Investigative Consumer Reports from a consumer reporting agency. The Company will use any such report(s) solely for employment-related purposes.

Consumer Reports or Investigative Consumer Reports will be obtained from HireRight, Inc., ("HireRight") located at 2100 Main Street, Suite 400, Irvine, CA 92614. They can be contacted at 800-400-2761. Any such reports may contain information bearing on your character, general reputation, personal characteristics, mode of living and credit standing. The types of information that may be obtained include, but are not limited to: credit reports, social security number, criminal records checks, public court records checks, including civil, driving records, educational records, verification of employment positions held, workers compensation records, personal and professional references, licensing, certification, etc. The information contained in these reports may be obtained by HireRight from private or public record sources including sources identified by you in your job application or through interviews or correspondence with your past or present coworkers, neighbors, friends, associates, current or former employers, educational institutions or other acquaintances.

For California residents, under section 1786.22 of the California Civil Code, you may view the file maintained on you by HireRight. You may also obtain a copy of this file, upon submitting proper identification and paying the costs of duplication services, by appearing at HireRight's offices in person, during normal business hours and on reasonable notice, or by mail; you may also receive a summary of the file by telephone. HireRight has trained personnel available to explain your file to you, including any coded information. If you appear in person, you may be accompanied by one other person, provided that person furnishes proper identification.

You are being given a copy of the "Summary of Your Rights Under the Fair Credit Reporting Act" prepared pursuant to 15 U.S.C. section 1681(g)(c). You have the right to request additional disclosures of the nature and scope of the investigation and a statement of your rights by contacting HireRight.

**CONSENT**

I have carefully read and understand this Disclosure and Consent form and, by my signature below, consent to the release of consumer and/or investigative consumer reports, as defined above, to the Company in conjunction with my application for employment. I further understand that any and all information contained in my job application or otherwise disclosed to the Company by me before, during or after my employment, if any, may be utilized for the purpose of obtaining the consumer reports or investigative consumer reports requested by the Company. I understand that if the Company hires me, it may request a consumer report and/or an investigative consumer report about me, as defined above, for employment-related purposes during the course of my employment. I understand that my consent will apply throughout my employment, to the extent permitted by law, unless I revoke or cancel my consent by sending a signed letter or statement to the Company at any time. This Disclosure and Consent form, in original, faxed, photocopied or electronic form, will be valid for any reports that may be requested by the Company.

Applicant Last Name __Wang__ First __Weixing__ Middle __Vincent__

Social Security # __311270188__ Date of Birth (for ID purposes only) __11/13/1957__

Present Address __71 Vanderland Ave__

City/State/Zip __East Providence, RI 02914__

Email Address __Vincent.wang618@gmail.com__

Applicant Signature __[signature]__

**CALIFORNIA, MINNESOTA AND OKLAHOMA APPLICANTS ONLY:**

☒ I wish to receive a free copy of any Consumer Report and/or Investigative Consumer Report on me that is requested.

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-CV-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 101 of 132 PageID #: 174

# DRUG AND/OR ALCOHOL TESTING CONSENT FORM

### EMPLOYEE AGREEMENT AND CONSENT TO DRUG AND/OR ALCOHOL TESTING

I hereby agree, upon a request made under the drug/alcohol testing policy of Infinite Computing Systems, Inc (Company) to submit to a drug or alcohol test and to furnish a sample of my urine, breath, and/or blood for analysis. I understand and agree that if I at any time refuse to submit to a drug or alcohol test under company policy, or if I otherwise fail to cooperate with the testing procedures, I will be subject to immediate termination. I further authorize and give full permission to have the Company and/or its company physician send the specimen or specimens so collected to a laboratory for a screening test for the presence of any prohibited substances under the policy, and for the laboratory or other testing facility to release any and all documentation relating to such test to the Company and/or to any governmental entity involved in a legal proceeding or investigation connected with the test. Finally, I authorize the Company to disclose any documentation relating to such test to any governmental entity involved in a legal proceeding or investigation connected with the test.

I will hold harmless the Company, its company physician, and any testing laboratory the Company might use, meaning that I will not sue or hold responsible such parties for any alleged harm to me that might result from such testing, including loss of employment or any other kind of adverse job action that might arise as a result of the drug or alcohol test, even if a Company or laboratory representative makes an error in the administration or analysis of the test or the reporting of the results. I will further hold harmless the Company, its company physician, and any testing laboratory the Company might use for any alleged harm to me that might result from the release or use of information or documentation relating to the drug or alcohol test, as long as the release or use of the information is within the scope of this policy and the procedures as explained in the paragraph above.

This policy and authorization have been explained to me in a language I understand, and I have been told that if I have any questions about the test or the policy, they will be answered.

I UNDERSTAND THAT THE COMPANY WILL REQUIRE A DRUG SCREEN TEST UNDER THIS POLICY WHENEVER I AM INVOLVED IN AN ON-THE-JOB ACCIDENT OR INJURY UNDER CIRCUMSTANCES THAT SUGGEST POSSIBLE INVOLVEMENT OR INFLUENCE OF DRUGS OR ALCOHOL IN THE ACCIDENT OR INJURY EVENT.

_____     Aug 17, 2022
Signature of Employee                Date

Weixing V Wang
_____
Employee's Name - Printed

_____     _____
Company Representative               Date

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 102 of 132 PageID #: 175

# ICS/ISS Information Needed from ALL Candidates for Background Checks

**** carefully read Yellow highlighted instructions/information ****

## Personal Information:

| Field | Value |
|---|---|
| Legal Name (last, first, middle) | Wang, Weixing Vincent |
| Any other names used | Vincent |
| Current Address including country | 71 Vanderland Ave, East Providence, RI 02914 |
| Address must be a complete postal address including zip code. Pls do not write short or abbreviated words in address. | |
| Start date of residency (Must have - Month, Year) | Aug. 2014 |
| Phone number | 791-492-3986 |
| Email | Vincent.wang618@gmail.com |

| Previous Address: (need 7 yrs worth) | |
|---|---|
| Address must be a complete postal address including zip code. Pls do not write short or abbreviated words in address. Residency information must include From and To dates in MM/YYYY format. | |
| Dates (From MM/YYYY - To MM/YYYY) | |
| Previous Address: | |
| Dates (From MM/YYYY - To MM/YYYY) | |
| Previous Address: | |
| Dates (From MM/YYYY - To MM/YYYY) | |
| *add more rows if needed* | |

## Employment:

| Field | Value |
|---|---|
| Name of most current employer (*company that paid you*) | |
| *employer company name who issue you the pay check. Pls note: Your client may not necessarily be the employer.* | |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Amgen, RI Remote Role (Address 40 Technology Way Ste 1 |
| City | West Greenwich |
| State | RI 02817 |
| Country | USA |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | 3/14/2022 - 7/22/2022 |
| Official Job Title (as per your offer letter) | Manufacturing Deviation Investigator |
| May we contact? | The staffing company is different |
| If available: HR Manager Name (to contact for employment verification) | |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

5-CV-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 103 of 132 PageID #: 176

| Previous Employer: NEED MINIMUM OF 3 | |
| --- | --- |
| **Past Employer 1** | |
| Name of the employer *(company that paid you)* | Takeda |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Headquarter is in Japan |
| City | |
| State | Japan |
| Country | |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | 12/6/2021 |
| End Date (MM - YYYY) - If you have accurate date, pls write the date as well | 2/6/2022 |
| Official Job Title (as per your offer letter) | Sr Supplier Quality Engineer. |
| If available: HR Manager Name (to contact for employment verification) | The staffing is different |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |
| | |
| **Past Employer 2** | |
| Name of the employer *(company that paid you)* | Johnson and Johnson |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | Remote. Supervisor is in Europe |
| City | |
| State | |
| Country | Remote |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | 2/15/2021 |
| End Date (MM - YYYY) - If you have accurate date, pls write the date as well | 5/28/2021 |
| Official Job Title (as per your offer letter) | |
| If available: HR Manager Name (to contact for employment verification) | The staffing company is different |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |
| | |
| **Past Employer 3** | |
| Name of the employer *(company that paid you)* | Philips |
| Employer company postal address (Ste Number, Bldg Number, Street Name) | |
| City | Andover, MA |
| State | Company moved to a new location |
| Country | |
| Start Date (MM - YYYY) - If you have accurate date, pls write the date as well | Feb. 2020 |

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

...5-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 104 of 132 PageID #: 177

| Field | March 2020 |
|---|---|
| End Date (MM - YYYY) - If you have accurate date, pls write the date as well | |
| Official Job Title (as per your offer letter) | Sr. Quality Engineer |
| If available: HR Manager Name (to contact for employment verification) | Staffing company is different |
| If available: HR Manager Office phone number | |
| If available: HR Manager Official email address | |
| | |
| **Education:** | |
| High School | |
| Diploma Received (Yes/No) | |
| Name of School | |
| Address(must be complete postal address with zip/postal code) | |
| Is this a domestic or foreign school | |
| Phone number of school | |
| Attendance Dates From (month/year)    To(month/year) | |
| Please attach copy of diploma | |
| Secondary Education Degree/Diploma | |
| Any Other Degree of Qualification | |
| Degree/Diploma received/completed (Yes / No) | Bachelor Eng |
| Major or field of study | Materiales Engineering and Technology |
| Name of School/College/University | Harbin Science and Technology University |
| Address (must be complete postal address with zip/postal code) | Harbin, PR China |
| Is this a domestic or foreign school? | Foreign |
| Phone number of school | |
| Attendance Dates From (month, year)    To(month/year) | March 1978 - Feb 1982 |
| Please attach copy of degree | |
| 2nd Highest Degree of Qualification | Master Eng |
| Degree/Diploma received/completed (Yes / No) | Master Eng |
| Major or field of study | Materiales Science and Technology |
| Name of School/College/University | Harbin polytechnic University |
| Address (must be complete postal address with zip/postal code) | Harbin, PR China |
| Is this a domestic or foreign school? | Foreign |
| Phone number of school | |
| Attendance Dates From (month, year)    To(month/year) | March 1982- Feb.  1985 |
| Please attach copy of degree | |
| Highest Degree of Qualification | |
| Degree/Diploma received/completed (Yes / No) | Ph D yes |
| Major or field of study | Materiales Engineering |
| Name of School/College/University | McGill University |
| Address (must be complete postal address with zip/postal code) | 845 W Sherbrooke St., Montreal, Canada |

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 105 of 132 PageID #: 178

| Is this a domestic or foreign school? | |
| Phone number of school | |
| Attendance Dates From (month, year) | To (month/year) |
| Please attach copy of degree | |
| **Please attach copies of the following documents:** | |
| Any and all College Degrees and/or Diplomas | |
| High School Diploma | |

| **Please send these documents to HR when they contact you for them:** | |
| Drivers License | |
| Passport/Social Security card/ other Identity documents | |
| Date of Birth including year | |
| Entire social security number *(SEND TO HR)* | |

**Signature:** *(signature)*

**Email:** vincent.wang618@gmail.com

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

1:25-CV-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 106 of 132 PageID #: 179

# Offer Letter

**Final Audit Report**                                                    2022-08-17

| | |
|---|---|
| Created: | 2022-08-17 |
| By: | Raj Inani (HRUSA@infinite-usa.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAsiI6YAcyhftGlltBjCZ5GqYkIqhvBotV |

## "Offer Letter" History

📄 Document created by Raj Inani (HRUSA@infinite-usa.com)
2022-08-17 - 7:11:11 PM GMT

✉️ Document emailed to vincent.wang618@gmail.com for signature
2022-08-17 - 7:15:28 PM GMT

📄 Email viewed by vincent.wang618@gmail.com
2022-08-17 - 7:43:42 PM GMT

✒️ Signer vincent.wang618@gmail.com entered name at signing as Weixing V Wang
2022-08-17 - 8:25:24 PM GMT

✒️ Document e-signed by Weixing V Wang (vincent.wang618@gmail.com)
Signature Date: 2022-08-17 - 8:25:25 PM GMT - Time Source: server

✅ Agreement completed.
2022-08-17 - 8:25:25 PM GMT

**Adobe Acrobat Sign**

HEARING DATE:_____

**STATE OF RHODE ISLAND**                     **SUPERIOR COURT**
**PROVIDENCE, SC**

WEIXING V. WANG,                    :
       Plaintiff              :
    v.                             :                     PC-2025-04547
                             :
ABBOT LABORATORIES, and            :
INFINITE COMPUTER SYSTEMS, INC.   :
       Defendants            :

### DEFENDANT INFINITE COMPUTER SYSTEMS, INC.'S MOTION TO DISMISS

NOW COMES Defendant, Infinite Computer Systems, Inc. in the above captioned matter,

and pursuant to Rule 12(b)(3) of the Rhode Island Superior Court Rules of Civil Procedure, hereby

moves to dismiss the Complaint for want of jurisdiction.  In further support, Defendant relies on

the Memorandum of Law submitted herewith.

Respectfully submitted,

Defendant,
INFINITE COMPUTER SYSTEMS, INC.

*/s/ Brendan F. Ryan*_____
ROBERT P. BROOKS (#3721)
rbrooks@apslaw.com
BRENDAN F. RYAN (#9339)
bryan@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: 401-274-7200 / Fax: 401-751-0604

Dated:  September 22, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:44 PM
Envelope: 5317615
Reviewer: Maureen D.

5-CV-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 108 of 132 PageID #: 181

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 22, 2025:

☐      I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐      I served this document through the electronic filing system on the following parties:
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒      I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

      Weixing V. Wang

      71 Vanderland Avenue

      East Providence, RI 029014

      Vincent.Wan369@gmail.com

*/s/ Brendan F. Ryan* _____

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:12 PM
Envelope: 5317542
Reviewer: Maureen D.

Case 1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 109 of 132 PageID #: 182

**STATE OF RHODE ISLAND**                                    **SUPERIOR COURT**
**PROVIDENCE, SC**

WEIXING V. WANG,

          Plaintiff

      v.                                                    C.A. No. PC-2025-04547

ABBOT LABORATORIES, and

INFINITE COMPUTING SYSTEMS, INC.

          Defendants

## ENTRY OF APPEARANCE

      Brendan F. Ryan of Adler Pollock & Sheehan P.C. hereby enters his appearance on behalf

of Defendants, Abbot Laboratories and Infinite Computing Systems, Inc.

                       */s/ Brendan F. Ryan*
                       BRENDAN F. RYAN (#9339)
                       bryan@apslaw.com
                       ADLER POLLOCK & SHEEHAN P.C.
                       100 Westminster Street, 16th Floor
                       Providence, RI  02903
                       Tel:  401-274-7200
                       Fax:  401-751-0604

Dated:  September 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2025:

☐      I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐      I served this document through the electronic filing system on the following parties:

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒      I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

Weixing V. Wang
71 Vanderland Avenue
East Providence, RI 029014
Vincent.Wan369@gmail.com

*/s/ Brendan F. Ryan*

2

4926-6711-5627, v. 1

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:04 PM
Envelope: 5317510
Reviewer: Maureen D.

Case 1:25-cv-00503-MRD-PAS     Document 4     Filed 10/03/25     Page 111 of 132 PageID
#: 184

**STATE OF RHODE ISLAND**                                   **SUPERIOR COURT**
**PROVIDENCE, SC**

WEIXING V. WANG,

          Plaintiff

   v.                                                      C.A. No. PC-2025-04547

ABBOT LABORATORIES, and

INFINITE COMPUTING SYSTEMS, INC.

          Defendants

## <u>ENTRY OF APPEARANCE</u>

      Robert P. Brooks of Adler Pollock & Sheehan P.C. hereby enters his appearance on behalf

of Defendants, Abbot Laboratories and Infinite Computing Systems, Inc.

                         */s/ Robert P. Brooks*
                         ROBERT P. BROOKS (#3721)
                         rbrooks@apslaw.com
                         ADLER POLLOCK & SHEEHAN P.C.
                         100 Westminster Street, 16th Floor
                         Providence, RI  02903
                         Tel:  401-274-7200
                         Fax:  401-751-0604

Dated:  September 22, 2025

Case Number: PC-2025-04547
Filed in Providence/Bristol County Superior Court
Submitted: 9/22/2025 4:04 PM
Envelope: 5317510
Reviewer: Maureen D.

Case 1:25-cv-00503-MRD-PAS    Document 4    Filed 10/03/25    Page 112 of 132 PageID #: 185

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 22, 2025:

☐        I electronically filed and served this document through the electronic filing system on the following parties:

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☐        I served this document through the electronic filing system on the following parties:

The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒        I mailed or ☐ hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name and address are:

> Weixing V. Wang
> 71 Vanderland Avenue
> East Providence, RI 029014
> Vincent.Wan369@gmail.com

*/s/ Robert P. Brooks* _____

2

4911-6679-9979, v. 1



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2025-04547 |
| **Plaintiff**<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Weixing Wang |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>71 Vanderland Ave Apt 1<br>East Providence RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>425 2nd Street<br>Suite 600<br>Cedar Rapids IA  52401 |

**TO THE DEFENDANT, Infinite Computing Systems INC,:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/29/2025. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2025-04547 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Infinite Computing Systems INC,, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____

   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____
   _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2025-04547 |
| **Plaintiff**<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Weixing Wang |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>71 Vanderland Ave Apt 1<br>East Providence RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>450 Veerans Memorial Parkway<br>Suite 7A<br>East Providence RI  02914 |

**TO THE DEFENDANT, Infinite Comput. S., INC,:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/28/2025. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Weixing Wang<br>  v.<br>Abbot Laboratories et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2025-04547 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Infinite Comput. S., INC,, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____ / _____ / _____ | SERVICE FEE $ _____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2025-04547 |
| **Plaintiff**<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Weixing Wang |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>71 Vanderland Ave Apt 1<br>East Providence RI  02914 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>450 Veterans Memorial Parkway<br>Suite 7A<br>East  Providence RI  02914 |

**TO THE DEFENDANT, Abbot Laboratories:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/28/2025. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Weixing Wang<br> v.<br>Abbot Laboratories et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2025-04547 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Abbot Laboratories, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

     On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                          Notary Public: _____
                          My commission expires: _____
                          Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff/Petitioner | Case Number |
|---|---|
| *[handwritten]* WeiXing V. WANG | *[handwritten]* PC-2025-04547 |
| **Defendant/Respondent** *[handwritten]* ABBOTT LABORATORIES. INFiNiTE COMPUT. S. INC. | |

## ORDER – MOTION IN FORMA PAUPERIS

*[handwritten]* ^ IN PA+

**☒ GRANTED:** It is hereby ordered that the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent may file the complaint, petition, or appeal without payment of the filing fee and that the duly authorized officer in accordance with Title 9, Chapter 5 (writs, summons, and process) of the Rhode Island General Laws shall serve without charge to the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent any and all summonses, complaints or petitions, motions, orders, and all other required documents in this matter without charge. *[handwritten]* Must pay $100 towards filing fee - Waive sheriff's fee

**☐ GRANTED:** It is hereby ordered that the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent may order transcripts without charge.

**☐ DENIED**

| Entered as an Order of the court on | BY ORDER OF: |
|---|---|
| *[handwritten]* 8/28/25 | /s/ *[signature]* |
| | Clerk |
| | **ENTER:** |
| | /s/ *[signature]* |
| | Judicial Officer |

Superior-13 (revised June 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

☐ PLAINTIFF/PETITIONER'S ☐ DEFENDANT/RESPONDENT'S AFFIDAVIT IN
SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

| Plaintiff/Petitioner | Case Number |
|---|---|
| WeXing V. WANG | PL-2025-04547 |
| **Defendant/Respondent** ABBOTT LABORATORIES INFINITE Computing System. Inc. | |

PERSONAL INFORMATION

NAME: WeXing Vincent WANG          AGE: 67

ADDRESS: 71 Vanderland Ave #1     MARITAL STATUS: ☐M ☐S ☑D ☐W

CITY: E. Providence RI02914       NUMBER OF DEPENDENTS AND AGES

TELEPHONE: 781-472-3986                    0

EMPLOYMENT INFORMATION

EMPLOYED: ☐ Y ☑ N

EMPLOYER: _____     HOW LONG: _____

ADDRESS: _____     UNEMPLOYMENT INSURANCE: ☐ Y ☐ N

INCOME: $ 0. _____ per month     INCOME: $ 0 _____ per month

OTHER INCOME (GOVERNMENT BENEFITS, CHILD SUPPORT, ALIMONY, PENSION, ETC.)

INCOME PER MONTH: 2,150          SOURCE(S): Rental Income

SHELTER COSTS

IF OWN HOME: VALUE $ 320,000      MORTGAGE/LIEN: $ _____

IF RENT: MONTHLY $ _____

IF BOARD, WITH WHOM: $ _____    MONTHLY CONTRIBUTION (IF ANY): $ _____

UTILITIES (MONTHLY): $ _____

GAS: $ 95.00   ELECTRICITY: $ 80.00   OIL: $ _____

FOOD (MONTHLY): $ 800.00

CLOTHING (MONTHLY) $ 80.00

CHILD SUPPORT PAID (MONTHLY): $ _____

OTHER (SPECIFY): $ House Maintaince, Insurance, Travel Car repair gas
$260.          Page 1 of 2 $480     $300
Medical  Cellphone  Internet
$420       $110.00

Superior-13 (revised June 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| ASSETS | VALUE |
|---|---|
| MOTER VEHICLE | $ 6800. 00 |
| TYPE: Morcets GLK | |
| YEAR: 2010 | |
| | |
| CAR, BOAT, TRUCK, | |
| MOTORCYCLE | $ _____ |
| | |
| BANK ACCOUNT BALANCES | |
| CHECKING: | $ 660. 00 |
| SAVINGS: | $ 290. 00 |
| REAL PROPERTY: | $ 360,000 |
| OTHER (IRA, CD, TRUSTS, | |
| STOCKS, BONDS, ETC.) | $ No. |

| LIABILITIES | AMOUNT |
|---|---|
| LOANS (BANK OR PRIVATE): | $ _____ |
| COURT OBLIGATIONS (COSTS, | |
| FINES, RESTITUTION): | $ 121,000 Approced |
| CUSTOMER LOANS/CREDIT CARDS: | $ _____ |
| MEDICAL BILLS: | $ _____ |
| TAXES: | $ _____ |
| OTHER (INSURANCE, LEGAL FEES, | |
| EDUCATION, ETC.): | $ 680. 00 |

I _Leoxonet V. Warme_, attest that the information provided is truthful, complete and accurate to the best of my knowledge. I am aware that any false statement or representation knowingly made shall cause me to be subject to charges of perjury in accordance with the laws of the State of Rhode Island and Providence Plantations.

_____
Signature of the Plaintiff/Petitioner or the
Defendant/Respondent

State of _RI_
County of _Providence_

On this _28_ day of _August_, 20_2_, before me, the undersigned notary public, personally appeared _____ ☐ personally known to me or ☐ proved to me through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to me that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _Karla_
My commission expires: _7/1/24_
Notary identification number: _772360_

RANDIE MITCHELL
MY COMM. EXPIRES 07-01-2008
NOTARY
PUBLIC
Commission # 772360
STATE OF RHODE ISLAND

Page 2 of 2

Superior 13 (revised June 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### ☐ PLAINTIFF/PETITIONER'S ☐ DEFENDANT/RESPONDENT'S MOTION
### TO PROCEED IN FORMA PAUPERIS

| Plaintiff/Petitioner | Case Number |
|---|---|
| ☒ WeiXing V. WANG | PC-2025-04547 |
| Defendant/Respondent | |
| ☒ ABBOTT LABORATORIES INFINITE Computing System Inc. | |

| ☐ Murray Judicial Complex | ☐ Noel Judicial Complex |
|---|---|
| Newport County | Kent County |
| 45 Washington Square | 222 Quaker Lane |
| Newport, Rhode Island  02840-2913 | Warwick, Rhode Island  02886-0107 |
| (401) 841-8330 | (401) 822-6900 |
| ☐ McGrath Judicial Complex | ☒ Licht Judicial Complex |
| Washington County | Providence/Bristol County |
| 4800 Tower Hill Road | 250 Benefit Street |
| Wakefield, Rhode Island  02879-2239 | Providence, Rhode Island  02903-2719 |
| (401) 782-4121 | (401) 458-3230 |

Now comes the ☒ Plaintiff/Petitioner ☐ Defendant/Respondent and prays that this court waive the filing fees, service of process fees, and transcript costs on the grounds that the ☒ Plaintiff/Petitioner ☐ Defendant/Respondent is presently indigent and as such, has no funds with which to pay these costs.

An Affidavit in Support of Motion to Proceed in Forma Pauperis is submitted in support of this motion.

| /s/ | Rhode Island Bar Number: |
|---|---|
| Attorney for the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent or the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent | Date: Aug 28, 2025 |
| Telephone Number: | |

Superior-13 (revised June 2020)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

WEIXING V. WANG,
    Plaintiff
v.

ABBOTT LABORATORIES    and
INFINITE COMPUT. S., INC.,
    Defendant

)
)
)
)
)
)
)

C.A. No. PC- 2025- 04547

## COMPLAINT AGAINST ABBOTT LABORATORIES AND INFINITE COMPUT. S.

## INC. FOR BREAKING SIGNED EMPLOYMENT CONTRACT BY VIOLATING LAWS

    I, Plaintiff, Weixing Vincent Wang, a resident at 71 Vanderland Ave, East Providence, RI

02914, file this case to sue the Defendants:

Defendant I: Abbott Laboratories, at 100 Abbott Park Road, Abbott Park, Illinois 60064-3502.

Their Legal Representative in RI is CT CORPORATION SYSTEM at 450 VETERANS

MEMORIAL PARKWAY, SUITE 7A, EAST PROVIDENCE, RI 02914.

Defendant II: Infinite Comput. S. Inc. at 425 2nd St SE Ste 600, Cedar Rapids, Iowa, 52401.

(Legal Representative: Mark P Dolan, ESQ. 72 Pine Street, Suite 300, Providence, RI 02903)

Both of the Defendants signed the Employment Contracts with Plaintiff and committed frauds by

violating to the laws on breaking the signed Employment Contracts.

    Plaintiff had signed the employment contracts with Defendants to work remotely at home

for Defendants at the pay rate of $58.00 per hour, which are clearly written in the signed

Employment Contracts between the parties. After Plaintiff signed the Employment Contracts with

Defendants, Plaintiff declined all the other job opportunities from other companies and recruiters,

as he had made his commitment working for Defendants, as he signed the Contract. As required

by Defendants, Plaintiff immediately took the drug screen test and passed it; then started on

1

8/29/2022 to work for Defendants. After starting the remote job, Plaintiff, sent emails daily to the Defendants manager, reporting what he was doing. Defendants manager suddenly stopped replying Plaintiff emails anymore. Instead, Plaintiff received an email from someone, whom Plaintiff never knew even by now where that person was from or which company it was from, neither that person's job title; but that email just stated briefly that "It was a mistake", and said they will pay Plaintiff for the days he worked for Defendants.

It was extremely strange, someone tried to say in the email that the signed Employment Contracts between Plaintiff and Defendants were to be cancelled, but never identified who that person was, job title or was from where; and never mentioned any reason at all about for what reason they wanted to cancel the signed Employment contracts. That emails promised to pay Plaintiff for his days worked for Defendants. And then Plaintiff never received any more email from that person. The Defendants manager whom communicated with Plaintiff frequently should tell Plaintiff exactly what were going on, but that Defendants manager just suddenly stopped to respond any of Plaintiff's emails.

When Plaintiff sent an email on Friday, 9/2/2022 to the that Defendants manager asking for the weblink to get the Defendant's timesheet form, to fill the amount time that Plaintiff worked for Defendants, that Defendants manager never responded to Plaintiff anymore. And Plaintiff never got paid for even one dollar for the days that he worked for Defendants. And Defendants, including that unknown email sender, never responded to Plaintiff anymore. Defendants knew extremely well that they had conducted frauds by breaking the signed Employment Contract and violated to the Laws. Defendants used those fraudulent ways of not responding, trying to cover the frauds they had conducted and the facts of their violations to the laws.

2

What Defendants did were totally the frauds and violating to the laws. This is the Contracted employment job for six (6) months, signed by all parties in black and white, not a permanent job working At Will. Defendants had no rights to break the signed Contracted Employment job by only one party - themselves, without the consent by Plaintiff, and never had any reason for why Defendants did violate to the Laws. Plus, the facts that Defendants never responded to Plaintiff after Defendants had violated to the laws, and never paid Plaintiff even one dollar for the days and time Plaintiff worked for Defendants, though Defendants promised in the email to pay Plaintiff for his days and time worked for Defendants, but they never did, and never responded to Plaintiff anymore since then.

The followings are the brief summary of the facts supported with the indisputable email evidences, which show what Defendants did the frauds in this employment case by violating to the laws.

7/20/22 Defendants' recruiter contacted Plaintiff for this opening position.

7/21/22 - 8/14/22 Information exchanges between Defendants' recruiter and Plaintiff.

8/15/22 Plaintiff was interviewed by Defendant.

8/16/22 Plaintiff received the Job Offer letter for Plaintiff to work for Defendants as an Intermediate Supplier Quality Engineer working remotely at home at the hourly pay rate of $58.00, which was targeted for 6 months with a possible extension beyond that period. The starting date was August 29, 2022, see the details of the Employment Contract signed by all parties. After Plaintiff signed this Contract with Defendants, Plaintiff had immediately declined all other jobs opportunities and the potential job offers from other companies and recruiters, as Plaintiff had made his commitment working for Defendants at home, one of the largest medical devices company - ABBOTT LABORATORIES, after signed the Employment Contract.

3

8/17/22 Plaintiff received email from Defendants requesting for drug screen test, and Plaintiff immediately confirmed on it.

8/18/22 Plaintiff completed drug screen test.

8/22/22 Plaintiff emailed Defendant, and confirmed the starting date 8/29/22.

8/23/22 Plaintiff was asked by Defendant to fill another Abbott Laboratories' form as the part of Employment Contract; and Plaintiff filled, signed and returned to Defendants.

8/29/22 Plaintiff started the work for Defendants and sent email to Defendants Manager Ruth for his first day work for Defendants, the Defendants Manager Ruth did not say anything to Plaintiff.

8/30/22, Plaintiff continued the work and sent email to Defendants Manager Ruth, still Ruth did not say anything to Plaintiff.

On later 8/30/22, Plaintiff received an email and Plaintiff did not know, even by now, who that person was; the email simply said it was a mistake.

On 8/31/25, 9/1/25 and 9/2/25, Plaintiff continued working for Defendant at home.

On 9/2/22 Friday, Plaintiff sent email to Defendants Manager Ruth and requested Defendant to provide Plaintiff the link for their timesheet for Plaintiff to fill out for the days and time that he worked for Defendant; but Defendants Manager Ruth never responded to Plaintiff even by now.

In the email Plaintiff received on later 8/30/22, it promised that Defendants will pay Plaintiff for the days and time that Plaintiff worked for Defendants, but by now Defendants never did as they promised to Plaintiff. Defendants had been just conducted frauds: lying and cheating to Plaintiff.

On 9/6/22, Plaintiff sent another email to Defendants Manager Ruth, but to Defendants just completely not to responded to Plaintiff at all.

4

On 9/8/22, Plaintiff sent another email to Defendants Manager Ruth and requested him to respond to Plaintiff's emails, to forward the weblink of the timesheet, and asked Ruth why he did not respond to Plaintiff's emails. But the Defendants Manager Ruth again did not respond at all.

On 9/15/22 Plaintiff sent his last email to Defendants Manager Ruth, asking Defendant why they did not pay Plaintiff for his time worked for Defendant company, and pointed out that Defendant have been doing frauds. That was why Defendant never responded Plaintiff.

All those facts of Defendant's conducted frauds by violating to the laws have been shown clearly with the indisputable facts and the supporting evidence. As a senior professional having worked in industrials for 20s at the Manager/Director level, after signing the employment Contract with Defendants, Plaintiff had 100% focused on this Contracted remote Job working at home for Defendants and declined all other potential jobs from other companies and recruiters, as he was 100% sure that he would be not available at all to work for any other company else within at lease the next 6 month, due to he had signed the contract and committed him for the Contracted job to work for Defendants.

Defendants had made the huge damages to Plaintiff's career and life, including but not limited, made Plaintiff lost his at least 6 months employment income as specified in the signed Employment Contract, which is at least $60,000s, based on the pay rate in the signed Employment Contract. It also completely ruined Plaintiff's life, and made him had no job, made him fell down from the top level of living standard to the lower one without the employment income. Because after Plaintiff signed the Job Contract with Defendants - ABBOTT LABORATORIES and INFINITE COMPUT. S., INC., Plaintiff had declined all other jobs and potential jobs to him. No one expected that the formally signed Job Contract can be broken by violating to the laws like this, and it was committed by a such large company ABBOTT LABORATORIES.

SUMMARY

Defendants ABBOTT LABORATORIES and INFINITE COMPUT. S., INC. have conducted frauds, broken the signed Contracted employment job with Plaintiff, without the consent from Plaintiff, by violating to the laws. After Defendant had committed the frauds and violating to the laws, Defendant never responded to Plaintiff again and tried to use the fraudulent ways to get rid of their responsibilities as the employers for the signed employment Contract with Plaintiff, and make their violating to the laws to be free. Defendants must be sanctioned by the laws for their conducted frauds and violating to the laws. As the victim of Defendants' violating to the laws, Plaintiff must be compensated from the Defendants' breaking the signed Employment Contracts, for his damages and losses in his employment income, damages in his career and life.


WHEREFORE, Plaintiff respectfully request that the Honorable Court:

A. Order Defendants ABBOTT LABORATORIES and INFINITE COMPUT. S., INC., to pay Plaintiff in the range $60-80 K for breaking the employment Contracted job by violating to the laws.

B. Grant attorney's fees and the costs of this action;

C. Grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued.

D. Grant such further relief as this Court deems necessary and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully submitted

*/s/ Weixing V. Wang*

Weixing V. Wang

71 Vanderland Ave

East Providence, RI 02914

781-492-3986

Date: Aug. 28, 2025          Vincent.Wan369@gmail.com