UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WEIXING V. WANG, <br>     Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES and <br> INFINITE COMPUTER SYSTEMS, <br> INC., <br>     Defendants. | C.A. No. 25-503-JJM-PAS |

ORDER

Weixing V. Wang filed suit against Abbott Laboratories and Infinite Computer Systems, Inc. asserting various causes of action arising from a contract of employment he alleges he had with Defendants. The contract[1] had a forum-selection clause that stated:

> This Agreement is governed by and shall be construed in accordance with the laws of the State of Iowa. Any litigation shall be in the venue of the State Courts of Linn County, Iowa, or the Federal Court for the Northen District of Iowa.

ECF No. 1-4 at 15. Both Defendants move to dismiss claiming lack of personal jurisdiction. ECF Nos. 10, 13.

The Supreme Court established that forum selection clauses are prima facie valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The burden is on

---

[1] Although the contract is with Infinite, Mr. Wang alleges that Abbott is a third-party beneficiary of its terms. *Hogan v. SPAR Group, Inc.*, 914 F.3d 34, 39-40 (1st Cir. 2019).

Mr. Wang to establish that a forum-selection clause should not be enforced. *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 48 (1st Cir. 2014).

> Forum selection clauses are "prima facie valid," and are enforced barring three conditions: (1) the clause was the product of "fraud or overreaching," (2) "enforcement would be unreasonable and unjust," or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

*MD Distributors, Corp. v. Dutch Ophthalmic Rsch. Ctr. Int'l B.V.*, 322 F. Supp. 3d 272, 276 (D.P.R. 2018) (citing *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 619 F.3d 90, 93 (1st Cir. 2010)).[2]

The clause here is mandatory. There are no plausible allegations that the contract was the product of fraud or overreaching. Nor is there any evidence that the enforcement of the agreed-to-contract would be unjust or unreasonable. Finally, public policy would support the litigation of this matter in the forum to which the parties agreed.

Section 28 U.S.C. § 1631 allows for the transfer of a case to cure "want of jurisdiction."

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time

---

[2] "In this circuit, we treat a motion to dismiss based on a forum-selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) (citing *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 387 & n. 3 (1st Cir. 2001)).

it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.[3]

Because of the contractual obligation, and finding that it is in the interest of justice, the Court transfer this case to the United States District Court for the Northern District of Iowa. The Court therefore DENIES as moot Defendants' Motions to Dismiss. ECF Nos. 10, 13.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

---

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

December 18, 2025

---

[3] Federal statute allowing a civil action or appeal, for which there is a "want of jurisdiction," to be transferred, in the interest of justice, to a court in which the action or appeal could have been brought at the time it was filed or noticed, encompasses both a lack of personal jurisdiction and a lack of subject-matter jurisdiction. *Federal Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102 (1st Cir. 2016), *cert.den.* 580 U.S. 918.